In the Matter of the Claim of ANTHONY DESTEFANO, Respondent, v. STATE INSURANCE FUND, Appellant. WOODWORKING AFFILIATES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 20, 1973.

*Herbert Lasky* (*Louis Busell* of counsel), for appellant.

*Roshwald & Capobianco* for Anthony De Stefano, respondent.

*Albert D'Antoni* for Uninsured Employers Fund, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the State Insurance Fund from a decision of the Workmen's Compensation Board, filed on March 8, 1973, which found that it had improperly canceled the employer's insurance policy.

The record establishes that insurance was issued by the appellant to the employer from the period of April 17, 1971 to April 17, 1972. The policy was issued upon the basis of an estimated premium of $1,200, of which the employer paid an initial deposit of $600 with two installments of $300 each to be paid quarterly thereafter. The appellant issued notices to the employer demanding the quarterly payments of $300 and when the employer failed to make such payments, the appellant issued timely notice of cancellation as of November 14, 1971. Thereafter, the claimant was injured and the issue before the board was whether or not the appellant had properly canceled the insurance.

Subdivision 5 of section 54 of the Workmen's Compensation Law provides that the appellant may only cancel policies of insurance for nonpayment of premiums or as is otherwise provided in section 94 of the Workmen's Compensation Law. The record disclosed that when an audit was made of the employer's payroll following the November 14, 1971 cancellation date, the initial premium deposit of $600 had resulted in an overpayment of earned premium of $73.99. The board has found that because of such overpayment the cancellation was improper. However, pursuant to section 92 of the Workmen's Compensation Law, premiums are required to be paid to the appellant in accordance with estimated wages for the period of the policy. Section 93 of the Workmen's Compensation Law provides that if there is default in payments required from the employer, the insurance

may be canceled by the appellant. In *Matter of Taylor* v. *1765-1763 Realty Corp.* (20 A D 2d 938) this court determined that the appellant could cancel insurance policies for a failure in payments. The fact that there was an overpayment is merely fortuitous and the failure of the employer to make the required premium payments justified cancellation of the policy pursuant to subdivision 5 of section 54 of the Workmen's Compensation Law.

The decision should be reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

GREENBLOTT, COOKE, SWEENEY and REYNOLDS, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.