■ MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Appellant, v BROWNSVILLE COMMUNITY DEVELOPMENT CORPORATION, Respondent.—Order of the Supreme Court, New York County (David Edwards, Jr., J.), entered on or about October 21, 1988, which denied plaintiff's motion for summary judgment, is unanimously reversed on the law and the motion for summary judgment granted, without costs or disbursements.

This action seeks to recover the balance of earned premiums due on two malpractice insurance policies issued to defendant Brownsville Community Development Corporation, a nonprofit corporation which operated a number of medical clinics or infirmaries in Brooklyn during the periods covered by the policies in question. Plaintiff Medical Malpractice Insurance Association is required to provide medical malpractice insurance to all qualified health care applicants within the State of New York and, moreover, is obliged to charge premiums in accordance with rates filed with and approved by the Superintendent of Insurance. In moving for summary judgment, plaintiff submitted copies of the subject insurance policies, statements demonstrating the development of the premiums due and worksheets for the audit conducted by plaintiff. In that connection, the documents show that with respect to policy HP 009608, the total earned premium is $40,981, to which must be added a 20% stabilization fund charge of $8,196, for a total amount due of $49,177. Of that amount, defendant has paid $5,996 for the premium and $1,199 for the stabilization fund, leaving an unpaid balance of $41,982. As to policy HP 009695, the earned premium due is $17,669, and the stabilization fund charge is $3,534. Of the total amount due of $21,203, defendant has paid a total of $12,194, so the outstanding balance is $9,009. Since defendant is entitled to a return premium credit of $140 regarding policy SL 008695, the net amount owed by defendant is $50,851. While defendant has alleged a defense of payment, it has not claimed to have made full payment and, indeed, has not presented proof of such payment. Further, while there appears to be a small mathematical discrepancy in the numbers on the audit sheet, plaintiff is only requesting the lesser of the two figures displayed and, therefore, the difference is not sufficient to preclude summary judgment. We have considered defendant's arguments and find them to be without merit. An examination of the record herein simply fails to disclose the existence of any

evidentiary facts warranting a trial and, consequently, the motion for summary judgment should have been granted. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.