■ FAMILY COATINGS, INC., Respondent, v MICHIGAN MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.— Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered December 18, 1989 in Rockland County, which denied defendant Michigan Mutual Insurance Company's motion for summary judgment dismissing the complaint against it.

Defendant Michigan Mutual Insurance Company issued a comprehensive general liability insurance policy to plaintiff and defendant A to Z Coatings, Inc. for the one-year period commencing August 20, 1984. The policy was canceled for nonpayment of premium effective November 19, 1984. Michigan Mutual brought an action against A to Z Coatings in Supreme Court, Nassau County, to recover the unpaid earned premium of $8,825 and obtained a default judgment for that amount and interest, costs and disbursements. Michigan Mutual has been wholly unsuccessful in its efforts to collect on that judgment. Plaintiff subsequently brought this action seeking, inter alia, a declaration that it is not indebted to Michigan Mutual for premiums due on the policy. Michigan Mutual

counterclaimed for the amount of the unpaid earned premium and, following joinder of issue, moved for summary judgment dismissing the complaint and granting the relief demanded in the counterclaim. Supreme Court denied the motion upon the ground that Michigan Mutual failed to establish that the policy was issued at plaintiff's request. Michigan Mutual appeals.

We reverse. Michigan Mutual supported its motion with an affidavit of its regional special account representative which competently established the issuance of the policy to plaintiff and A to Z Coatings, and a computation of the earned premium by means of an audit of the insured's books and records conducted at the termination of the policy. This showing established prima facie plaintiff's liability for payment of the premium *(see, St. Paul Fire & Mar. Ins. Co. v Capri Constr. Corp.,* 160 AD2d 381, *lv granted* 76 NY2d 711) and shifted the burden to plaintiff to come forward with evidence in support of its defense that it did not request or receive the benefit of the insurance coverage *(see, Medical Malpractice Ins. Assn. v Brownsville Community Dev. Corp.,* 159 AD2d 234). Plaintiff made no competent factual showing in opposition to the motion, alleging only a lack of information concerning the policy. Accordingly, the motion should have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

Order reversed, on the law, with costs, motion granted, complaint dismissed against defendant Michigan Mutual Insurance Company and said defendant granted judgment on its counterclaim. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.