■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v GEM STEEL ERECTORS INC. et al., Appellants, et al., Defendant. [655 NYS2d 943] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 22, 1994, which granted plaintiff's motion for summary judgment to recover unpaid workers' compensation insurance premiums in the amount of $776,261.12 plus interest and directed that judgment be entered accordingly, and order, same court and Justice, entered August 24, 1995, which granted defendants' motion for reargument, and, upon reargument, insofar as appealed from, adhered to the prior order, unanimously modified, on the facts, to grant summary judgment on the issue of li-

ability only and to remand the matter for reassessment of the total amount of unpaid premiums owed to plaintiff, and otherwise affirmed, without costs.

Defendants failed to submit proof in admissible form sufficient to require a trial of material issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562). The documentation *defendants* submitted established that all corporate defendants were covered by the policy issued by the State Insurance Fund and that each entity was jointly and severally liable for premium payments, and there has been no showing that, until the commencement of this action, defendants ever objected to that arrangement (*see, Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp.*, 97 AD2d 724, 726, *affd* 62 NY2d 924). Nor do defendants raise a triable issue of fact as to the methods employed by plaintiff in calculating the amounts of premiums. However, inconsistencies in the record as to the exact amount of the total premiums owed warrant a remand solely for a reassessment of that figure. We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.