■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v J.D.G.S. CORP., Respondent. [676 NYS2d 575] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 11, 1997, which denied plaintiff's motion for summary judgment in the sum of $153,514.25 with interest from October 10, 1993, representing unpaid premiums under a workers' compensation policy, unanimously reversed, on the law, without costs, and plaintiff's motion granted. The Clerk is directed to enter judgment in the sum of $153,514.25 with interest from October 10, 1993.

Defendant opposed plaintiff's motion on the ground that issues of fact exist concerning the propriety and reasonableness of the reserves imposed by plaintiff in its retrospective accounting as well as its mismanagement of the claims files. Relying upon decisions in other States, it seeks to assert as a defense plaintiff's alleged breach of its implied covenant of good faith and fair dealing and that plaintiff insurer, in order to recover workers' compensation premiums under a policy with a retrospective component, has the affirmative burden of proving that it acted reasonably and in good faith in adjusting claims and imposing reserves.

This Court has consistently rejected the same so-called defenses and counterclaims as legally insufficient (*Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp.*, 97 AD2d 724, *affd* 62 NY2d 924; *see also, Commissioners of State Ins. Fund v Gem Steel Erectors*, 237 AD2d 213, *lv denied* 1997 NY App Div LEXIS 10945; *Insurance Co. v Glen Haven Residential Health Care Facility*, 253 AD2d 378 [decided herewith]).

Plaintiff has the right to negotiate and settle claims as it deems appropriate and there is no indication that defendant objected to the settlement of any claims or to the calculation of the retrospective premium until after demand was made for the balance due on its premium (*see, Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp., supra*). Moreover, pur-

suant to Workers' Compensation Law § 92, premiums for any policy period shall be paid into the State Insurance Fund in three installments, which are payable when due regardless of any subsequent adjustment based upon the insured's loss record (*cf., Matter of DeStefano v State Ins. Fund*, 43 AD2d 180). Thus, inasmuch as defendant had previously stipulated to withdraw, for lack of subject matter jurisdiction, its counterclaim for premium overpayment, the IAS Court's order should not have treated such claim as a recoupment defense. Such counterclaim, styled as recoupment in order to avoid the jurisdictional bar, is nevertheless a counterclaim as distinct from a defense and, however denominated, is cognizable only in the Court of Claims (*see, Commissioners of State Ins. Fund v Netti Wholesale Beverage Co.*, 245 AD2d 48). Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.