■ INSURANCE COMPANY OF GREATER NEW YORK, Respondent, v GLEN HAVEN RESIDENTIAL HEALTH CARE FACILITY INC.,

Doing Business as PORT JEFFERSON HEALTH CARE FACILITY, Appellant. [676 NYS2d 176] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered July 28, 1997, awarding plaintiff damages against defendant in the sum of $54,993.43, representing the $36,687 premium due under a workers' compensation policy plus interest, costs and disbursements pursuant to an order of the same court and Justice, entered on or about July 8, 1996, which granted plaintiff's motion for summary judgment and dismissed defendant's counterclaims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 8, 1996, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

New York has never recognized a cause of action or defense for breach of an insurer's implied covenant of good faith and fair dealing where, as here, it is alleged that an insurer's failure to reasonably investigate claims made against the insured results in an increased retrospective premium (*compare, Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp.,* 97 AD2d 724, *affd* 62 NY2d 924, *with Security Officers Serv. v State Compensation Ins. Fund,* 17 Cal App 4th 887, 896-897, 21 Cal Rptr 2d 653, *review denied* 1993 Cal LEXIS 5522 [Sup Ct, Oct. 21, 1993], citing, *inter alia, National Sur. Corp. v Fast Motor Serv.,* 213 Ill App 3d 500, 572 NE2d 1083), and we decline to do so here. The policy commits the investigation of claims to plaintiff insurer, and the manner in which plaintiff performed this function was a matter of business judgment within the discretion of its management (*see, Fidelity & Cas. Co. v Metropolitan Life Ins. Co.,* 42 Misc 2d 616, 630). In any event, plaintiff was properly granted summary judgment since defendant's opposition was wholly inadequate to raise any issues of fact as to whether plaintiff did not investigate claims in good faith (*see, Benton Express v Royal Ins. Co.,* 217 Ga App 331, 334, 457 SE2d 566, 568, *cert denied* 1995 Ga LEXIS 1018 [Sup Ct, Sept. 5, 1995]). We also agree with the IAS Court that the payment of dividends was within plaintiff's discretion, and that plaintiff was justified in refusing to pay a dividend to defendant based on defendant's failure to meet its obligation to pay the premium. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Nardelli and Andrias, JJ.