■ TEMPFORCE, INC., by ANTON WOOD ASSOCIATES, Doing Business as TEMPFORCE OF ALBANY, et al., Plaintiffs, v MUNICIPAL HOUSING AUTHORITY OF THE CITY OF SCHENECTADY, Respondent, and McNAR INDUSTRIES, INC., Appellant, et al., Defendants. [694 NYS2d 240] —Graffeo, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 14, 1998 in Schenectady County, which, *inter alia*, granted defendant Schenectady Municipal Housing Authority's motion to dismiss the

answer and cross claim of defendant McNar Industries, Inc. against Schenectady Municipal Housing Authority.

Plaintiffs commenced this action against defendants Schenectady Municipal Housing Authority (hereinafter SMHA) and McNar Industries, Inc. and others alleging, *inter alia*, breach of contract in connection with a roof replacement project at a housing complex owned by SMHA. SMHA and McNar, which was the general contractor, interposed cross claims against each other which are the subject of this appeal. SMHA served a demand for a bill of particulars seeking information pertaining to McNar's cross claim. In response, McNar alleged that SMHA caused considerable expense and delay by issuing defective contract specifications, by forcing McNar to utilize an off site storage area for staging and storing purposes, and by refusing to approve various material changes. By decision and order dated August 11, 1993, Supreme Court granted McNar's motion for leave to amend its cross claim against SMHA and denied SMHA's motion for an order of preclusion based on McNar's failure to provide a responsive bill of particulars.

SMHA served a supplemental demand for a bill of particulars and McNar did not object to any portion of the demand. However, unsatisfied with McNar's response, SMHA moved for an order compelling a responsive supplemental bill of particulars addressing the basis for McNar's cross claim and, more specifically, for information pertaining to alleged increased costs incurred and the cost/time breakdowns for the claims. Supreme Court granted SMHA's motion in July 1996. McNar served a second supplemental bill of particulars which alleged that "concurrent, overlapping and continuous problems [made it] impractical if not impossible to segregate the cost and damages" and also asserted that it was entitled to prove damages on a "total cost" method.

SMHA, again dissatisfied with McNar's response, moved to dismiss McNar's answer and cross claims asserting that McNar did not comply with the July 1996 court order to provide appropriate responses, or in the alternative, to compel McNar to provide the information SMHA demanded. In August 1997 Supreme Court conditionally granted SMHA's motion to dismiss McNar's answer and cross claims unless McNar complied with the supplemental demand. The court specifically stated that SMHA was entitled to the information demanded and that if McNar was to recover an equitable adjustment as alleged, it would be within the confines of article 10 of the

parties' contract.[1] Notably, the court commented that it was allowing McNar a "third bite of the apple". McNar served a third supplemental verified bill of particulars which prompted SMHA to move pursuant to CPLR 3041, 3042 and 3126 for an order dismissing McNar's cross claim and answer. Supreme Court held that McNar's third supplemental bill of particulars did not satisfy the standard of specificity required to proceed with its claims for equitable adjustment, and therefore, dismissed McNar's answer and cross claim against SMHA. McNar now appeals.

It is axiomatic that where a party refuses to comply with discovery demands, the trial court has broad discretion in fashioning a penalty (see, Rankin v Miller, 252 AD2d 863, 864). Although preclusion is a drastic remedy, it is appropriate "where a party's noncompliance with discovery demands is willful and contumacious" (id., at 864). Here, McNar failed to particularize the damages it incurred as a result of SMHA's purported delay as required by the parties' contractual provisions. Although McNar argues that a "total cost" method is justified, article 10 of the contract calls for the itemization of labor, material, equipment, and overhead for the assessment of damages. Supreme Court determined on several occasions that McNar did not adequately specify damages in its bill of particulars. Moreover, the court directed McNar to comply with SMHA's demands notwithstanding its difficulty in reconstructing its records even if it meant that McNar had to contact the payees of the numerous checks it issued in relation to the project, because otherwise its damages were too speculative, and as a result, unrecoverable (see, e.g., Novak & Co. v Facilities Dev. Corp., 116 AD2d 891, 892).

For whatever reason, McNar again failed to submit a bill of particulars that was not in accord with the order. We conclude that McNar's noncompliance with Supreme Court's directive to further particularize damages warranted the drastic remedy of dismissal imposed here (see, Lawrence H. Morse, Inc. v Anson, 251 AD2d 722), especially since McNar was provided three opportunities to comply (see, Zirin v Brookdale Hosp. Med. Ctr., 216 AD2d 461, 462). Accordingly, we find no reason to disturb the exercise of Supreme Court's discretion in dismissing McNar's cross claims against SMHA.

We disagree, however, with that portion of Supreme Court's

---

1. Article 10 of the contract provided that a claim for equitable adjustment in excess of $5,000 was to be submitted in a lump sum proposal supported by an itemized breakdown of all increases and decreases as set out by that subsection.

order which dismissed McNar's answer.[2] Pursuant to CPLR 3126, the court may make "an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order" or an "order prohibiting the disobedient party from supporting or opposing designated claims or defenses" (CPLR 3126 [1], [2]). The degree of penalty to be imposed is clearly a matter of discretion (*see*, *Kubacka v Town of N. Hempstead*, 240 AD2d 374, 375) but a preclusion order should be limited to only that for which particulars have not been furnished because "[t]o further preclude the defendants from asserting defenses which require only general denials * * * deprives the defendants of their day in court and gives the plaintiff more relief than is warranted" (*Northway Eng'g v Felix Indus.*, 77 NY2d 332, 337). McNar's defense to SMHA's cross claim only required a general denial and there was no alleged willful or contumacious disregard of discovery by McNar pertaining to SMHA's cross claim. Based on the foregoing, McNar's answer to SMHA's cross claim should not have been dismissed.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the answer of defendant McNar Industries, Inc. to the cross claim of defendant Schenectady Municipal Housing Authority, and, as so modified, affirmed.

---

**2.** Pursuant to CPLR 3011, unless a demand for an answer is made, a party is not required to answer cross claims as they are deemed denied.