■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v BEYER FARMS, INC., et al., Appellants. [792 NYS2d 380]—

Amended judgment, Supreme Court, New York County

(Barbara R. Kapnick, J.), entered December 23, 2003, which awarded plaintiff Commissioners the principal sum of $370,218.58, plus interest, costs and disbursements, due under certain workers' compensation and employers' liability policies issued by the State Insurance Fund, unanimously affirmed, without costs.

Plaintiff presented unrebutted business records, in the form of the insurance application, the policies and endorsements thereto, the audit reports and resulting invoices, including retrospective accountings, which were sufficient to make out a prima facie showing of entitlement to judgment as a matter of law (*Commissioners of State Ins. Fund v Country Carting Corp.*, 265 AD2d 158 [1999]). In opposition, defendants failed to demonstrate the existence of triable issues of fact concerning the propriety and reasonableness of the State Insurance Fund's processing of claims to the Special Disability Fund under Workers' Compensation Law § 15 (8) (*see Commissioners of State Ins. Fund v J.D.G.S. Corp.*, 253 AD2d 368 [1998]). Indeed, not only is there is no indication that defendants ever objected to the premiums allegedly due until after plaintiff initiated this action, but New York has never recognized a cause of action or defense based on breach of an insurer's implied covenant of good faith and fair dealing where, as here, defendants maintain that the insurer's failure to reasonably investigate claims against the insured results in an increased retrospective premium. This is particularly the case here since "the manner in which plaintiff performed this function was a matter of business judgment within the discretion of its management" (*Insurance Co. of Greater N.Y. v Glen Haven Residential Health Care Facility*, 253 AD2d 378, 379 [1998]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.