■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v ALBANY CAPITALAND ENTERPRISES, INC., Appellant. [794 NYS2d 505]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered December 11, 2003 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff, defendant's workers' compensation carrier from December 1991 through May 1995, commenced this action to recover unpaid premiums allegedly owed by defendant following the cancellation of the policy. Following joinder of issue, plaintiff served a notice to admit which, among other things, afforded defendant the opportunity to dispute certain payroll figures which formed the basis for the premium calculations pursuant to the terms of the policy (*see* CPLR 3123 [a]). When said request was not answered to plaintiff's satisfaction, it moved to compel compliance. In response, Supreme Court issued an order directing defendant to comply within 45 days or be thereafter

"precluded from offering any evidence throughout the course of the litigation" which would expand upon defendant's responses to that point (*see* CPLR 3126 [2]; *see generally Tempforce, Inc. v Municipal Hous. Auth. of City of Schenectady*, 263 AD2d 926 [1999], *lv dismissed* 94 NY2d 838 [1999]). It is undisputed that defendant did not subsequently respond to plaintiff's demand. Thereafter, plaintiff successfully moved for summary judgment, and defendant now appeals.

Summary judgment in plaintiff's favor was appropriate under the circumstances. As movant, plaintiff satisfied its initial burden of establishing entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). In support of its motion, plaintiff submitted affidavits of those with personal knowledge who authenticated plaintiff's business records concerning defendant's policy and explained the methodology used in calculating the associated premiums. Moreover, plaintiff's business records included defendant's application, the policy itself, statements of account, audit worksheets and a balance summary which demonstrated the amounts due under the policy for the years in question and sufficiently accounted for payments made by defendant along with other downward adjustments. These submissions sufficiently established plaintiff's prima facie case (*see Commissioners of State Ins. Fund v Beyer Farms, Inc.*, 15 AD3d 273 [2005]; *Commissioners of State Ins. Fund v DiPietro*, 289 AD2d 46, 46 [2001]; *Commissioners of State Ins. Fund v Country Carting Corp.*, 265 AD2d 158 [1999]; *Commissioners of State Ins. Fund v Allou Distribs.*, 220 AD2d 217, 217 [1995]).

Since plaintiff presented proof showing entitlement to judgment, the burden shifted to defendant to establish the existence of material questions of fact. Given defendant's failure to abide by Supreme Court's conditional discovery order and its resulting inability to contravene the payroll figures articulated in plaintiff's notice to admit, we conclude that defendant failed to rebut plaintiff's prima facie case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Winslow v Pyramid Co./Aviation Mall*, 248 AD2d 922, 923 [1998]; *Burton v Ertel*, 107 AD2d 909, 910 [1985]). The payroll figures set forth in plaintiff's notice to admit formed the basis for plaintiff's premium computations. Once the relevant payroll amounts were established, the premium figures themselves were merely calculated according to a mathematical formula referenced in the policy itself and promulgated by the Compensation Insurance Rating Board in accordance with applicable state law (*see* Workers' Compensation Law § 83; 12 NYCRR 450.2). Accordingly, defendant's

submissions in opposition to the motion, which primarily challenge the methodology of plaintiff's calculations, are insufficient to raise triable issues of fact.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs.