■ Nicole M. Gallo, Formerly Known as Nicole M. Paonessa, Appellant-Respondent, v Maria A. Ricci, Respondent-Appellant, and John E. Jacobs et al., Respondents. (Appeal No. 1.) [814 NYS2d 422]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Erie County (David J. Mahoney, J.), entered December 30, 2004 in a personal injury action. The order and judgment, upon a jury verdict, dismissed the amended complaint against defendants John E. Jacobs and Glenda Long Transport and adjudged that defendant Maria A. Ricci is solely liable for the accident.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a tractor-trailer owned by defendant Glenda Long Transport and driven by defendant John E. Jacobs collided with a vehicle driven by defendant Maria A. Ricci, which in turn collided with the vehicle driven by plaintiff. After a trial on the issue of liability, the jury found that Jacobs was not negligent in his operation of the tractor-trailer and that Ricci was negligent and that her negligence was a substantial factor in causing the accident, thereby finding her 100% at fault. Plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict with respect to Jacobs and for judgment against him as a matter of law and a new trial on apportionment. Plaintiff moved in the alternative to set aside the verdict as against the weight of the evidence and for a new trial. Supreme Court denied plaintiff's motion, and these appeals by plaintiff and cross appeals by Ricci ensued.

With respect to appeal No. 1, we agree with plaintiff and Ricci that the court erred in refusing to give an adverse inference charge as a spoliation sanction against Jacobs. Even assuming, arguendo, that Jacobs destroyed the evidence at issue pursuant to his normal business practices, we conclude that he did so with knowledge that litigation was pending in connection with the accident (*see generally Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]). We further conclude, however, that the error in the court's refusal to give the adverse inference charge is harmless under the circumstances of this case, particularly in view of the fact that the court allowed counsel for plaintiff and Ricci to comment on the missing evidence during their summations. Plaintiff and Ricci failed to preserve for our review their further contention in appeal No. 1 that the court erred in refusing to charge the jury concerning an admission against interest made by Jacobs that was set forth in the police report (*see* CPLR 4110-b). In any event, any error in the court's refusal to charge the jury with respect to that admission is harmless because the admission in the police report is consistent with Jacob's trial testimony. Plaintiff and Ricci also failed to preserve for our review their contention in appeal No. 1 that the court's recharge on proximate cause and the Vehicle and Traffic Law was inadequate and confusing inasmuch as they failed to make a timely objection to the recharge on proximate cause and failed to object to the recharge on the Vehicle and Traffic Law (*see id.*). We conclude in any event that any error in the recharge was not so fundamental as to warrant reversal in this case (*cf. Runfola v Bryant*, 127 AD2d 972 [1987]).

Finally, contrary to the contention of plaintiff in appeal No. 2, the court did not abuse its discretion in awarding costs to Jacobs, inasmuch as judgment was entered in his favor (*see* CPLR 8101; *10 Park Sq. Assoc. v Travelers* [appeal No. 2], 288 AD2d 828, 829 [2001]; *Hutton v Hilts*, 88 Misc 2d 883, 884 [1976]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.