■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v CONCORD MESSENGER SERVICE, INC., Appellant. [826 NYS2d 187]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered September 22, 2005, which, in an action to recover unpaid workers' compensation premiums, granted plaintiff's motion for summary judgment and denied defendant's cross motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff's documentary evidence consisting of the insurance application, the policy, the audit reports and the resulting statements were sufficient to make out a prima facie showing of entitlement to judgment as a matter of law (*see Commissioners of State Ins. Fund v Beyer Farms, Inc.*, 15 AD3d 273, 274 [2005], *lv denied* 5 NY3d 707 [2005]). Defendant's argument that plaintiff did not prove the terms of the policy is improperly raised for the first time on appeal (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]), in its reply brief (*see Schulte Roth & Zabel, LLP v Kassover*, 28 AD3d 404 [2006]), and we decline to consider it. Defendant's claim that plaintiff incorrectly calculated the premiums at the rate for employees, rather than the lower rate for independent contractors, is conjectural, and rebutted by an express statement in an audit report plaintiff submitted. Defendant's cross motion to dismiss

the complaint on the ground of plaintiff's "gross laches" in prosecuting the action was properly rejected in the absence of a CPLR 3216 notice (*Hodge v New York City Tr. Auth.*, 273 AD2d 42, 43 [2000]). Defendant's claimed need for discovery, which had languished for years, and is unsupported by any details concerning its claimed loss of relevant records, is no more than a "mere hope" that disclosure will reveal something helpful to its cause, insufficient to forestall summary judgment (*see Fulton v Allstate Ins. Co.*, 14 AD3d 380, 381 [2005]). Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.