■ Legion Insurance Company, in Liquidation, Respondent, v Northeastern Plate Glass Corporation, Appellant. [837 NYS2d 430]—

Peters, J. Appeal from an order of the Supreme Court (Tait, J.), entered February 1, 2006 in Broome County, which granted plaintiff's motion for summary judgment.

Plaintiff provided workers' compensation insurance to defendant under two annual polices, WC5-0922496 (hereinafter WC5) and WC6-0922496 (hereinafter WC6), which commenced on August 1, 2001 and August 1, 2002, respectively. Each provided for the performance of an end of term audit for the purpose of determining the actual earned premium which had to be paid. At the end of the second term, plaintiff's audit revealed that a total of $42,174 in unpaid premiums was due from defendant; $13,527 was outstanding on WC5 and $28,647 was outstanding under WC6. When defendant contended that the premiums were erroneously calculated and that another company's payment obligation was wrongfully attributed to it, plaintiff commenced this action. After joinder of issue, plaintiff moved for summary judgment, proffering an affidavit from its vice-president along with written documentation concerning the contract, audit and calculation of premiums. Yet, it failed to include copies of any executed agreements, mailed invoices or the actual audit documents regarding WC6. Following oral argument, Supreme Court allowed plaintiff additional time to supplement its proffer with the contracts of insurance and the insurance application. Only unsigned copies of these documents were provided. Upon Supreme Court's award of summary judgment to plaintiff, defendant appealed.

Plaintiff was required to make a prima facie showing of its entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68

NY2d 320, 324 [1986]). In an action to recover unpaid workers' compensation premiums, such a showing typically includes the insurance application, the policy, audit work sheets, resulting invoices and statements of accounts for the balance due (*see Commissioners of State Ins. Fund v Albany Capitaland Enters., Inc.*, 18 AD3d 934, 935 [2005]; *Family Coatings v Michigan Mut. Ins. Co.*, 170 AD2d 816, 817 [1991]; *see also Commissioners of State Ins. Fund v Concord Messenger Serv., Inc.*, 34 AD3d 355, 355 [2006]; *Commissioners of State Ins. Fund v Beyer Farms, Inc.*, 15 AD3d 273, 274 [2005], *lv denied* 5 NY3d 707 [2005]; *Commissioners of State Ins. Fund v Country Carting Corp.*, 265 AD2d 158, 158 [1999]).

Here, despite being provided with the opportunity to supplement its initial proffer, plaintiff failed to submit, without excuse, originals of the requested documents as well as "affidavits of those with personal knowledge . . . [to] authenticate[ ] plaintiff's business records concerning defendant's policy and . . . the methodology used in calculating the associated premiums" (*Commissioners of State Ins. Fund v Albany Capitaland Enters., Inc., supra* at 935; *Family Coatings v Michigan Mut. Ins. Co., supra* at 817; *compare Republic W. Ins. Co. v RCR Bldrs.*, 268 AD2d 574, 574 [2000]). Had we found plaintiff to have sustained its prima facie showing on the breach of contract issue, we would have nonetheless found a material issue of fact regarding the amount owed. The affidavit from defendant's administrative assistant raises the issue of notice regarding plaintiff's improper classification of defendant's employees as well as a dispute with the amounts stated on the invoices received. The affidavit of Brian Verdon, an account executive with an independent firm which deals with defendant's financial and payroll accounts, amplified that plaintiff's failure to provide not only the audit for the WC6 policy but also a breakdown of the individual employees with their assigned codes precluded an independent verification of the premiums allegedly owed (*see St. Paul Fire & Mar. Ins. Co. v Capri Constr. Corp.*, 78 NY2d 1016, 1018 [1991]). For all of these reasons, the award of summary judgment was improper.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.