Same memorandum as in *Mandelkow v Child & Family Servs. of Erie County* (49 AD3d 1316 [2008]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.

THOMAS MANDELKOW et al., as Trustees of Upstate Human Services Self-Insurance Trust Fund, Also Known as Human Services Self-Insurance Trust, Appellants-Respondents, v CHILD AND FAMILY SERVICES OF ERIE COUNTY, Respondent-Appellant. (Appeal No. 3.) [— NYS2d —]—

Memorandum: Plaintiffs, as trustees of a trust fund (Trust)

that provides low-cost workers' compensation insurance to human services agencies, commenced this action alleging causes of action for, inter alia, breach of the trust agreement and unjust enrichment by defendant, a former member of the Trust. According to plaintiffs, an audit of defendant's records established that defendant had underpaid premiums while a member of the Trust based on its misclassification of employees, but defendant refused to pay the additional sum that plaintiffs demanded. In its amended answer, defendant asserted counterclaims based on plaintiffs' alleged violation of General Business Law § 349 by misrepresenting the low cost of insurance coverage provided by plaintiffs, and plaintiffs' alleged breach of the implied duty of good faith and fair dealing under the trust agreement by auditing and retroactively billing defendant. Defendant moved for summary judgment seeking dismissal of the complaint, and plaintiffs cross-moved for summary judgment on the complaint and for summary judgment dismissing the affirmative defenses and counterclaims.

By the order in appeal No. 1, Supreme Court granted defendant's motion and dismissed the complaint. By the order and judgment in appeal No. 2, the court granted plaintiffs' motion for leave to reargue that part of the prior cross motion seeking summary judgment dismissing the counterclaims and, upon reargument, granted that part of plaintiffs' cross motion. The court also granted defendant's request for statutory costs and disbursements based on the dismissal of the complaint in appeal No. 1, in the event that the court granted leave to reargue. Finally, by the judgment in appeal No. 3, the court awarded defendant statutory costs and disbursements in a specified amount. We note at the outset that the order in appeal No. 1 and the order and judgment in appeal No. 2 are subsumed in the final judgment in appeal No. 3, and thus plaintiffs' appeal from the order in appeal No. 1 and plaintiffs' appeal and defendant's cross appeal from the order and judgment in appeal No. 2 must be dismissed (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]).

Addressing first plaintiffs' contentions on appeal, we conclude that the court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs are correct that they were authorized pursuant to Workers' Compensation Law § 131 (1) to seek additional premiums retroactively based upon their audit of defendant's records (*see generally Legion Ins. Co. v Northeastern Plate Glass Corp.*, 41 AD3d 933 [2007];

*Commissioners of State Ins. Fund v Concord Messenger Serv., Inc.*, 34 AD3d 355 [2006]; *Atlantic Mut. Ins. Co. v Joyce Intl., Inc.*, 31 AD3d 352 [2006]), and that no provision in the trust agreement prohibited them from conducting the audit (*cf. Commissioners of State Ins. Fund v SM Transp. Ltd.*, 11 Misc 3d 1083[A], 2006 NY Slip Op 50677[U]). Nevertheless, plaintiffs did not plead underreporting of the payroll as a basis for the relief sought in the complaint. Rather, the gravamen of the complaint is that defendant breached the trust agreement based on its alleged misclassification of its employees, and we agree with the court that plaintiffs have no authority under the terms of the trust agreement to seek additional premiums retroactively based on that alleged misclassification, although plaintiffs may have had the right to compel defendant to alter its classification system while it was still a member of the Trust. Also contrary to plaintiffs' contention on appeal, the court did not abuse its discretion in awarding costs and disbursements to defendant in view of the fact that judgment was entered in its favor, dismissing the complaint (*see* CPLR 8101; *Gallo v Ricci*, 28 AD3d 1110, 1111 [2006], *lv denied* 7 NY3d 807 [2006]).

We reject the contention of defendant on its cross appeal that the court erred in granting that part of plaintiffs' cross motion for summary judgment dismissing the counterclaims. With respect to the first counterclaim, alleging the violation of General Business Law § 349 (a), we note that section 349 (a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." As the Court of Appeals has written, the statute is "directed at wrongs against the consuming public . . . [and it requires a party to] demonstrate that the acts or practices [complained of] have a broader impact on consumers at large" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-25 [1995]). Here, the first counterclaim arises from a "[p]rivate contract dispute[ ] . . . [and thus does] not fall within the ambit of the statute" (*id.* at 25). The second counterclaim, for breach of the implied duty of good faith and fair dealing, also was properly dismissed. There is no provision in the trust agreement that expressly prohibited plaintiffs from auditing former members, and no obligation may be implied because the record contains no evidence that plaintiffs' actions were "inconsistent with other terms of the contractual relationship" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *see generally Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.