OPINION OF THE COURT
Per Curiam.
Order, entered May 1, 2006, reversed, with $10 costs, defendants’ cross motion is denied, and plaintiffs motion for summary judgment is granted in the principal amount of $12,620.
Plaintiffs documentary evidence, including the cargo insurance policy sued upon, a personal affidavit of its vice-president, and detailed premium statements, sufficed to make out a prima facie showing of entitlement to judgment as a matter of law (see Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d 355 [2006]). In opposition, defendants failed to raise a triable issue. Defendants’ claim that plaintiff incorrectly calculated the premiums is entirely conjectural, based solely on defendants’ principal’s stated “belie[f]” that the actual value of the covered shipments — a value not specified in defendants’ opposition papers — was “substantially less” than the “exposed” value originally contemplated so as to warrant a downward adjustment of the annual deposit premium set forth in the applicable policy endorsement. Even assuming, in defendants’ favor, that the deposit premium specified in the policy endorsement was not intended to constitute a “Minimum Earned Premium” under the endorsement’s terms, defendants’ conclusory and evasive opposition papers failed to establish, as the endorsement required, that the “earned premium [was] less than the deposit premium by more than ten percent” on the basis of the [unstated] amount of defendants’ actual gross sales during the relevant time period.
The “audit invoice registers” submitted by defendants with their reply papers in response to plaintiff’s opposition to defendants’ cross motion seeking to compel discovery is not properly considered, “since it sought to remedy these basic deficiencies in [defendants’] prima facie showing rather than respond to arguments in plaintiff’s opposition papers” (Migdol v City of New York, 291 AD2d 201 [2002]). Even if considered, the audit report, referencing sales of only one of the two insured corporations, was insufficient to establish *86 the aggregate amount of defendants’ actual gross sales or to require a trial to determine the amount of the premiums owed. Defendants’ claimed need for discovery “is no more than a ‘mere hope’ that disclosure will reveal something helpful to [their] cause, insufficient to forestall summary judgment” (Commissioners of State Ins. Fund v Concord Messenger Serv., Inc., 34 AD3d at 356).
McKeon, EJ., Davis and Heitler JJ., concur.
[Next page is 126]