■ INTER-RECO, INC., as Agent for the SIRIUS AMERICA INSURANCE COMPANY, Respondent, v TRANSCORP CONSTRUCTION CORP. et al., Appellants. [12 NYS3d 265]—

In an action, in effect, to recover insurance premiums due and owing, the defendants appeal from (1) a decision of the Supreme Court, Nassau County (Winslow, J.), dated June 19, 2012, after a nonjury trial, and (2) a judgment of the same court dated April 16, 2013, which, upon the decision, is in favor of the plaintiff and against them in the total sum of $495,910.90.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The defendants were insured under policies of general liability insurance for the years 2002-2003 and 2003-2004. Each of the policies contained a premium audit provision which stated that the plaintiff would compute all premiums in accordance with its rules and regulations, and that at the close of each audit period, it would compute the earned premium for that period. The plaintiff commenced this action seeking the balance of earned premiums due.

The Insurance Law provides that no authorized insurer shall knowingly "charge or demand a rate or receive a premium that departs from the rates, rating plans, classifications, schedules, rules and standards in effect on behalf of the insurer, or shall issue or make any policy or contract involving a violation thereof" (Insurance Law § 2314).

Here, the plaintiff used a classification system developed by

the Insurance Services Office, Inc. (hereinafter ISO), which was approved by the New York State Insurance Department (*see W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 41 [2013]). A classification table copyrighted by ISO described general liability class code 91584 as "contractors—subcontracted work—in connection with construction, reconstruction, repair or erection of buildings—for industrial use," and general liability class code 91585 as "contractors—subcontracted work—in connection with construction, reconstruction, repair or erection of buildings." In both classifications, it was noted that the classification applied only to that portion of the operations performed by adequately insured subcontractors of the insured, and that operations performed by subcontractors without adequate insurance would be classified and rated under the specific classification description for each operation.

It is undisputed that the declarations pages of the insurance policies provided for coverage, inter alia, under classification code 91584, but not under classification code 91585, and that the defendants did not utilize any subcontracted work "in connection with construction, reconstruction, repair or erection of buildings—for industrial use." However, at trial, Patrick Conklin, the plaintiff's representative, testified that despite the definitions set forth in the ISO classification table and in the policies themselves, the plaintiff utilized classification code 91584 for all subcontracted work by general contractors and utilized classification code 91585 to represent all subcontracted work by property owners. Conklin also testified that the rates were the same for both classifications, and that the defendants never objected to the classification code or declaration pages of the subject policies. Further, Conklin testified that the plaintiff's rules and regulations provided that the final premium would be determined after the policies ended by using the actual, not the estimated, premium basis and the proper classifications and rates that applied to the work covered by the policies. Thus, the plaintiff established that it did not depart from its rates, classifications, and schedules then in effect and that it was entitled to the balance of the earned premiums due and owing (*see* Insurance Law § 2314).

Accordingly, the evidence the plaintiff adduced at trial, including the subject insurance policies, the audit statements, and testimony demonstrating that the defendants owed it additional premiums pursuant to the audits conducted after expiration of the policies in accordance with the terms of the policies, established its right to recover the balance of earned

premiums due from the defendants (*see Evanston Ins. Co. v Po Wing Hong Food Mkt., Inc.*, 21 AD3d 333 [2005]; *Family Coatings v Michigan Mut. Ins. Co.*, 170 AD2d 816 [1991]).

The defendants' remaining contentions are without merit. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.