# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 3, 2016                    522357
_____

COMMISSIONERS OF THE STATE
    INSURANCE FUND,
                    Respondent,

    v                                    MEMORANDUM AND ORDER

BSB CONSTRUCTION, INC.,
                    Appellant.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

Corbally, Gartland & Rappleyea, LLP, Poughkeepsie (Jon Holden Adams of counsel), for appellant.

William O'Brien, State Insurance Fund, Albany (Robert C. Kinkead of counsel), for respondent.

_____

Mulvey, J.

Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered May 6, 2015 in Albany County, which granted plaintiff's motion for summary judgment.

In October 2013, plaintiff, defendant's workers' compensation carrier from May 2001 to May 2012, commenced an action against defendant for unpaid workers' compensation premiums totaling $68,380.39.  After joinder of issue, plaintiff served three notices to admit, which, among other things, afforded defendant the opportunity to dispute certain payroll amounts that formed the basis for the premium calculations pursuant to the terms of the policy.  Defendant responded to the first notice to admit and, thereafter, plaintiff moved for

summary judgment.  Supreme Court granted such motion, and
defendant now appeals.

     We affirm.  Defendant argues that summary judgment in
plaintiff's favor was improper because it raised triable issues
of fact, that it was not required to commence an administrative
appeal to contest certain classifications of employees, the
signature of defendant's office manager on the audit statements
is not binding, and that it is not responsible for the workers'
compensation premiums of one of its uninsured subcontractors.
Plaintiff counters that there are no issues of fact precluding
summary judgment in its favor given that the time in which to
contest payroll classifications has run, defendant is responsible
for the acts of its office manager, and that general contractors,
such as defendant, are liable for workers' compensation payments
for uninsured subcontractors and, under the provisions of the
policy, plaintiff may charge defendant a premium if defendant's
subcontractors do not have their own workers' compensation
insurance.

     A motion for summary judgment "shall be granted if, upon
all the papers and proof submitted, the cause of action or
defense shall be established sufficiently to warrant the court as
a matter of law in directing judgment in favor of any party"
(CPLR 3212 [b]; see Jacobsen v New York City Health & Hosps.
Corp., 22 NY3d 824, 833 [2014]; Zuckerman v City of New York, 49
NY2d 557, 562 [1980]; Stubbs v Ellis Hosp., 68 AD3d 1617, 1618
[2009]).  The moving party's evidence "must be viewed in the
light most favorable to the nonmovant, affording the nonmovant
every favorable inference" (Andrew R. Mancini Assoc., Inc. v Mary
Imogene Bassett Hosp., 80 AD3d 933, 935 [2011] [internal
quotation marks and citation omitted]; see Walton v Albany
Community Dev. Agency, 279 AD2d 93, 94-95 [2001]).  Once the
moving party satisfies its burden by establishing a prima facie
case, the burden shifts to the nonmoving party to produce
competent evidence that raises a material question of fact (see
Zuckerman v City of New York, 49 NY2d at 562; DiBartolomeo v St.
Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1326 [2010]).
As relevant here, "[i]n an action to recover unpaid workers'
compensation premiums, [a showing of entitlement to judgment as a
matter of law] typically includes the insurance application, the

policy, audit work sheets, resulting invoices and statements of accounts for the balance due" (Legion Ins. Co. v Northeastern Plate Glass Corp., 41 AD3d 933, 934 [2007]; see Commissioners of State Ins. Fund v Albany Capitaland Enters., Inc., 18 AD3d 934, 935 [2005]; Family Coatings v Michigan Mut. Ins. Co., 170 AD2d 816, 817 [1991]), all of which plaintiff submitted, along with, among other things, affidavits from its attorney and underwriter, its notices to admit and defendant's reply to the first notice to admit.

The record shows that plaintiff issued a workers' compensation insurance policy to defendant in May 2001, and the policy was canceled in May 2012. After cancellation, a final audit of defendant's records was performed, which determined that defendant owed a premium balance. Plaintiff also submitted an affidavit from Joann March, plaintiff's underwriter, who explained that, when calculating premiums, defendant's policy — a guaranteed cost plan — required that defendant's payroll be separated into different job classifications in order to determine the basis for the premium. March then provided information pertaining to each audit bill, credit and adjustment, and she additionally discussed the last audit bill for the period May 30, 2011 to May 30, 2012. March explained that SJ Green Inc., a subcontractor working for defendant, was initially not included on the simplified audit information form for the May 2011 to May 2012 time period since a certificate showing insurance for SJ Green was shown to the auditor. It was later discovered that SJ Green's insurance had been canceled on July 28, 2011, and, since it worked for defendant after the cancellation of its policy, SJ Green was an uninsured subcontractor and included in the premium base for defendant. March explained that premium charges for uninsured subcontractors supplying labor was based on 90% of the contract price, and, since defendant paid SJ Green $82,797, the payroll amount used to determine the premium was $74,517. According to March, after all payments, credits and adjustments were made to the bill, $68,380.39 remained due and owing to plaintiff with no payment having been made on the outstanding balance.

Defendant's workers' compensation policy provides, in pertinent part, that a "[p]remium for each work classification is

determined by multiplying a rate times a premium basis," and such premium basis "includes payroll and all other remuneration paid or payable during the policy period for the services of . . . all . . . persons engaged in work that could make [plaintiff] liable" under the policy.  If defendant did not have payroll records for such persons, "the contract price for their services and materials may be used as the premium basis." Additionally, the policy provides that, if defendant provided sufficient proof that the employers of these persons have lawfully secured their workers' compensation obligations, the foregoing section would not apply.

Plaintiff also produced its first notice to admit, which contained, as exhibits, audit forms that certified defendant's payroll and were signed by defendant's office manager or by defendant's vice-president.  In defendant's response to plaintiff's first notice to admit, defendant admitted plaintiff's assertions as to the signatures on the audit forms by authorized representatives and acknowledged that it made payments to SJ Green in December 2011, but not in the amount that plaintiff averred.  Finally, plaintiff provided a copy of the Workers' Compensation Board's employer coverage search for SJ Green, which established that SJ Green's workers' compensation coverage was canceled on July 28, 2011.  These submissions by plaintiff sufficiently established a prima facie case (see Legion Ins. Co. v Northeastern Plate Glass Corp., 41 AD3d at 934; Commissioners of State Ins. Fund v Albany Capitaland Enters., Inc., 18 AD3d at 935; Commissioners of State Ins. Fund v Beyer Farms, Inc., 15 AD3d 273, 274 [2005], lv denied 5 NY3d 707 [2005]; Family Coatings v Michigan Mut. Ins. Co., 170 AD2d at 817), and the burden then shifted to defendant to establish the existence of material questions of fact (see Commissioners of State Ins. Fund v Albany Capitaland Enters., Inc., 18 AD3d at 935-936).

In opposition to plaintiff's motion, defendant submitted an affirmation by its attorney, Jon Holden Adams, in which he contended that, according to March's deposition testimony and her affidavit, at one point in time no balance was due from defendant to plaintiff, but that, as a result of a final audit of the May 30, 2011 to May 30, 2012 period, the amount of $68,380.39 was determined to be due.  Adams also expressed his belief that part

four of the policy, which provides for the computation and payment of the premium, makes no provision for a "pass through" of liability to a contractor where a subcontractor failed to pay a premium; he argued that Workers' Compensation Law § 56 only provides for a "pass through" liability of a subcontractor to a contractor where there has been an injury. Adams also noted that March admitted at her deposition that she had no documentation to support her computation of the premium due, aside from the audit for October and November 2011 and, that, on the audit form for the period of May 30, 2011 to May 30, 2012, the amount attributed to SJ Green was crossed out.

Defendant also submitted an affidavit by its office manager, Patricia Bova, who averred, as is relevant here, that she was present for the audit for the period from May 30, 2011 to May 30, 2012, but that she did not participate in the audit and the results were not shared with her other than a request to sign an audit sheet. Defendant also produced a copy of the certificate of liability insurance for SJ Green, which, although difficult to read, purports to establish that SJ Green was covered under workers' compensation insurance between June 2, 2011 and June 2, 2012. Finally, defendant's accountant, Penny Ormiston, averred in her affidavit that she reviewed the premium that plaintiff alleged was due and, upon examination of defendant's payroll records, found five "erroneous classifications" and expressed her view that plaintiff's calculation of the premium alleged due is therefore incorrect.

Turning to defendant's first argument that Supreme Court erroneously determined that it was first required to commence an administrative appeal challenging the classification of certain of its employees, Supreme Court properly noted that, pursuant to the New York Workers' Compensation and Employers Liability Manual, defendant was required to lodge a challenge to any insurance classification within 12 months after expiration of the rating term. Given that defendant failed to challenge employment classifications within the 12-month window, Supreme Court was correct in determining that defendant is now precluded from doing so, and defendant has not raised a triable issue of fact in this regard (see Commissioners of State Ins. Fund v Netti Wholesale Beverage Co., 245 AD2d 48, 48-49 [1997]; Commissioners of State

Ins. Fund v Yesmont & Assoc., 226 AD2d 147, 147 [1996];
Commissioners of State Ins. Fund v Fox Run Farms, 195 AD2d 372,
374 [1993]).

Supreme Court also properly disregarded defendant's
contention that Bova, its office manager, was not an authorized
representative of defendant when she signed the audit form for
the period in question.  The record shows that Bova signed a
total of nine audit forms certifying defendant's payroll while
the policy was in effect.  This fact belies defendant's argument
in that regard.  Additionally, in defendant's response to the
first notice to admit, defendant admits that the signatures on
the simplified audits were by a representative of defendant.

Finally, with regard to defendant's argument that it cannot
be held responsible for a subcontractor's liability, defendant's
policy provides that it is responsible for the payment of the
premium for uninsured contractors, such as SJ Green, for the
periods that they were employed by defendant, unless defendant
provides sufficient proof that the subcontractor had lawfully
secured workers' compensation insurance.[1]  Given that defendant
was unable to produce proof demonstrating that SJ Green had
secured its own policy of workers' compensation insurance for the
duration of time included in the pertinent audit, defendant
failed to raise a triable issue of fact on this ground.  Based on
the foregoing, Supreme Court properly granted summary judgment to
plaintiff.

---

[1] Although defendant relies on Workers' Compensation Law
§ 56 to rule out his responsibility to pay insurance premiums for
utilizing the services of SJ Green, such law specifies that "[a]
contractor . . . shall, in any case of injury or death to any
employee, . . . be liable for and pay compensation to such
employee or persons entitled to compensation on the death of such
employee" (Workers' Compensation Law § 56), and this language
does not necessarily preclude a workers' compensation carrier
from charging a policyholder a premium for utilizing uninsured
subcontractors.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ORDERED that the order and judgment is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court