Arch Ins. Co. v Petrocelli Elec. Co., Inc. (2021 NY Slip Op 04200)





Arch Ins. Co. v Petrocelli Elec. Co., Inc.


2021 NY Slip Op 04200


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Index No. 653580/13 Appeal No. 14170 Case No. 2020-02377 

[*1]Arch Insurance Company, Plaintiff-Appellant,
v
Petrocelli Electrical Co., Inc., et al., Defendants-Respondents.


Stroock & Stroock & Lavan LLP, New York (Robert Lewin of counsel), for appellant.
Garcia & Milas, P.C., New York (Raymond A. Garcia of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 21, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on its claims for unpaid premiums on certain insurance policies it issued and for defense and indemnity costs it advanced on certain other policies it issued, unanimously affirmed, without costs.
Plaintiff issued to defendant Petrocelli Electric Co., Inc. (Petrocelli) and various other defendants a commercial general liability and automobile insurance policy effective June 1, 2005, which was renewed annually through 2012. Plaintiff seeks reimbursement for amounts that it claims it advanced for defense and settlement of claims against the insureds prior to exhaustion of the self-insured retention. As plaintiff did not defend against these claims voluntarily but did so only after the insureds breached their obligation to do so, it may be entitled to reimbursement (see Royal Indem. Co. v Wyckoff Hgts. Hosp. , 953 F Supp 460, 466-467 [SD NY 1996]). Similarly, the policy provides that plaintiff has "the right to participate with [the insureds]," at its own expense, in the defense against or settlement of claims. Because the insureds defaulted in their obligation to defend against claims, plaintiff did not "participate with" them in the defense against or settlement of such claims.
However, plaintiff failed to demonstrate that it advanced any amounts for defense and settlement of claims against the insureds prior to exhaustion of the self-insured retention. Plaintiff submitted conclusory affidavits asserting that it had expended more than $5 million because the insureds had refused to fund an escrow account used for such purposes. It failed to show the costs that were allocated to defense and settlement on behalf of any particular insured, and therefore failed to show which insureds are responsible for defense and settlement amounts advanced by it prior to exhaustion of the self-insured retention. Contrary to plaintiff's contention, each named insured is not jointly and severally liable for defense and settlement costs regardless of whether plaintiff defended any claims against it. The policy contains no provision setting forth joint and several liability. Further, the policy contains a "Separation Of Insureds" provision, which states that the insurance applies to each named insured "as if [it] were the only Named Insured" and applies "[s]eparately to each insured against whom a claim is made or 'suit' is brought" (see St. Paul Fire & Mar. Ins. Co. v Schilli Transp. Servs., Inc. , 2012 WL 5471966, *9, 2012 US Dist LEXIS 160904, *23 [ND Ind, Nov 9, 2012, No. 2.08 cv 176] ["It would be fundamentally unfair, and against the separation of protected persons clause, to seek full reimbursement from one insured who shared no responsibility for the underlying claim"]).
Plaintiff also seeks to recover additional premiums allegedly due under separate policies [*2]issued to defendant Petrocelli Electric of NJ, Inc. (Petrocelli NJ). However, it failed to produce evidence showing the computation of the additional premium. Rather, it submitted "estimated" premium audit statements that fail to provide the basis for the calculations of the additional premiums allegedly due (cf. Family Coatings v Michigan Mut. Ins. Co. , 170 AD2d 816, 817 [3d Dept 1991]; see Liberty Mut. Ins. Co. v Thalle Constr. Co., Inc. , 116 F Supp 2d 495, 500 [SD NY 2000]). Further, plaintiff produced no evidence that it provided invoices for the additional premiums allegedly due. Each "estimated" premium audit statement states that it is not an invoice and that an invoice will be sent under separate cover.
Plaintiff failed to demonstrate as a matter of law that defendant Allan Briteway Electrical Contractors, Inc. may be held liable as a successor to Petrocelli and Petrocelli NJ under theories of "de facto merger" or a "mere continuation" of Petrocelli (see Schumacher v Richards Shear Co. , 59 NY2d 239, 245 [1983]; New York v National Serv. Indus., Inc. , 460 F3d 201, 209 [2d Cir 2006]). Briteway was not a "mere continuation" of Petrocelli, because Petrocelli, although it stopped doing business in 2011 or 2012, was not "extinguished," but continued in existence as a "distinct, albeit meager entity" until 2016, when it was dissolved (Schumacher , 59 NY2d at 245).
As to whether a "de facto merger" occurred, while there was common ownership and a continuity of management, personnel, physical location, assets, and operations (National Serv. Indus., Inc. , 460 F3d at 210), it is sharply disputed whether the transfer of assets and operations were arm's-length transactions for fair market value (see Cargo Partner AG v Albatrans, Inc. , 352 F3d 41, 45 [2d Cir 2003]). Plaintiff argues that in connection with the "migration" of assets, contracts, and personnel from Petrocelli to Allan Briteway, the two companies made questionable and poorly documented loans to
each other. However, mere suspicion is insufficient to carry plaintiff's burden on its motion for summary judgment on its claim for successor liability.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021