Jacob Markowitz, J.
Plaintiff moves for an order dismissing the counterclaim upon the ground that the court has not jurisdiction thereof and for summary judgment upon the complaint.
Plaintiff had been the compensation insurance carrier of Doran Construction Co., Inc. Its employee, one John J. O’Brien, instituted a third-party action against Muro Transit Mix Corp., and recovered a judgment against it in the sum of $45,177. In that action Muro brought in as third-party defendant plaintiff’s insured Doran Construction Co., Inc., and secured a judgment over against it in the sum of $45,177. In the meantime plaintiff had made compensation payments to the injured employee in the sum of $16,499.40. The defendant was the insurance carrier of Muro. The defendant paid to O’Brien the sum of $28,677.60 in full satisfaction of the judgment, retaining for its own use and benefit the balance in the sum of $16,499.40, which is the sum which plaintiff claims to have paid and seeks to recover in this action. There is no dispute or triable issue that plaintiff enjoys a lien against the judgment obtained by O’Brien with respect to compensation payments made to him, irrespective of the existence of an award in compensation.
In the counterclaim in this action the defendant seeks recovery against the plaintiff in the sum of $45,177, the amount of the judgment recovered by it against Doran, the plaintiff’s insured, by reason of the fact, as alleged in the counterclaim, that plaintiff’s policy insured Doran against a legal obligation to pay damage because of bodily injuries resulting from accidents sustained by an employee in the course of employment. For aught that appears from this record the judgment over against Doran was indemnification not by virtue of contract but by virtue of liability arising upon negligent conduct. Defendant appears to argue at the present time, however, that its claim of right of recovery against the plaintiff is based upon some contractual indemnification, which is not made to appear in the submission. In any event, defendant’s claim, if it has one, is cognizable in the Court of Claims only and may not be presented as a setoff or counterclaim in this action.
Accordingly, the motion for dismissal of the counterclaim is granted. There is no real dispute with respect to the sums paid out by the plaintiff under its policy in discharge of its obligation to O’Brien, particularly in the light of the fact that the precise amount claimed by the plaintiff was withheld by the defendant on payment and satisfaction of its judgment. Plaintiff’s motion is granted.