■ In the Matter of HAROLD S. GOLDBERG, Respondent, v WILLIAM KROEGER, as Acting Chairman of the Workers' Compensation Board of the State of New York, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Maresca, J.), entered March 11, 1981, in a CPLR article 78 proceeding, reversed, on the law and the facts, the motion to quash the subpoena issued by respondent denied and the cross motion to direct compliance with the subpoena granted, all without costs. Dr. Harold S. Goldberg, the petitioner herein, is an osteopathic physician, duly authorized by the chairman of the Workers' Compensation Board to treat injured workers entitled to workers' compensation benefits. As a result of complaints received by the board, an investigation was initiated into Dr. Goldberg's conduct. In connection therewith, he was served with a subpoena duces tecum in June, 1980, which was supplemented by a letter requesting additional records. Pursuant to the subpoena, petitioner appeared with counsel on July 16, 1980, and testified under oath. The records requested were produced. At the conclusion of the hearing, additional records were requested and subsequently delivered. In November, 1980, Dr. Goldberg was again served with a subpoena. After an agreed upon adjournment, petitioner again appeared with counsel, on January 2, 1981. In response to a query propounded by his counsel, Dr. Goldberg was informed that no charges were then pending against him and that the board was conducting an investigation to determine whether petitioner had committed acts of misconduct such as would warrant the filing of charges against him. In sum, he was told that the board was acting much as would a Grand Jury, for the purpose of ascertaining whether charges were appropriate. Counsel for petitioner then requested a transcript of his client's testimony given at the hearing of July 16, 1980, and offered to pay therefor. When Dr. Goldberg was notified that the transcript would not be forthcoming, he refused to testify. Subsequently, pursuant to section 13-d (subd 2, par [f]) of the Workers' Compensation Law, his authorization to treat compensation patients was suspended. This article 78 proceeding followed. The chairman of the board

cross-moved to compel compliance with the subpoena issued by him. Special Term granted Dr. Goldberg's application to quash the subpoena on the ground that the subpoena failed to specify the particulars required under the CPLR. By consequence, it lifted the suspension of Dr. Goldberg's authorization to treat workers' compensation patients. It denied respondent's motion to compel compliance with the subpoena. We note at the outset that the Workers' Compensation Board is not subject to the provisions of the State Administrative Procedure Act (State Administrative Procedure Act, § 102, subd 1). We recognize further the validity of respondent's objection to the procedure followed by petitioner. CPLR 2304 outlines the method to be employed in seeking to quash a subpoena. Since that section provides a complete remedy, employment of the extraordinary remedy provided by article 78 is improper *(Carlisle v Bennett,* 268 NY 212; *Matter of Dawn Operators v Lyon,* 283 App Div 358, mot for lv to app den 306 NY 977). Nevertheless, in the interests of justice and to reach the merits of the controversy, we treat so much of the article 78 proceeding as seeks relief from the subpoena as a motion to quash under CPLR 2304. The Workers' Compensation Law provides a comprehensive plan in relation to treatment of workers entitled to benefits. Section 13-b vests in the chairman exclusive power to grant authority to physicians to treat patients and specifies the procedure to be employed in granting such authorizations. Section 13-d outlines the method for the investigation of complaints against physicians. Subdivision 2 of that section confers upon the chairman the power to remove physicians from the list of those authorized to render medical care and specifies the causes justifying such action. Included in the acts enumerated is the refusal of a physician to appear and respond to "any legal question, or to produce any relevant book or paper" in connection with his authorization to treat workers' compensation patients (Workers' Compensation Law, § 13-d, subd 2, par [f]). Section 119 vests in the chairman the power to issue subpoenas, subject only to the limitation that subpoenas so issued shall be regulated by the CPLR, while section 142 (subd 3, par a) confers upon him the power to delegate such authority. Paragraph b of subdivision 3 empowers him or his designee to take testimony. Petitioner's first argument is bottomed on the contention that the subpoena was defective in that it did not specify the purpose for which it was issued. Neither CPLR article 21, which deals generally with the nature of subpoenas, the authority to issue them and action to be taken with respect thereto, nor section 119 of the Workers' Compensation Law, which specifically confers the subpoena power upon the chairman, mandate that relevancy be shown on the face of the subpoena to some inquiry within the competency of the chairman, although this may well be the better practice *(Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.,* 10 NY2d 192; *Matter of Dawn Operators v Lyon,* 283 App Div 358, mot for lv to app den 306 NY 977, *supra).* If purpose be called into question, materiality and relevancy may be demonstrated in opposition to the motion to quash *(Matter of New York State Bd. of Elections,* 49 AD2d 806). Any omission in the subpoena has been supplied by the chairman's opposing papers. In addition, we are informed that the November subpoena was issued as part of an ongoing investigation into Dr. Goldberg's conduct. Since there is no question but that the July subpoena adequately sets forth the purpose and nature of the investigation, that nature and purpose carried over into the subpoena issued in November. The second issue raised by petitioner is that the proceeding is adjudicatory and not investigatory in nature. The error of this contention is, at once, made apparent by a reading of the rules and regulations of the Workers' Compensation Board. Section 326-1.5 of title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York mandates that in a proceeding "pertaining to the revocation or suspension of

the authority of any physician" certain rules of procedure shall apply. Included among these are service of charges, interposition of an answer by the physician, the right to be represented by counsel and to cross-examine the witness, the right of appeal, etc. Inasmuch as the initial step — service of charges — has not taken place, the proceeding cannot be adjudicatory. Petitioner's final thrust is that section 122 of the Workers' Compensation Law mandates that Dr. Goldberg receive a copy of the transcript of his prior testimony upon payment of the fee therefor. That section provides that a certified transcript of the testimony of any investigation may be received in evidence. Although the section does not specify the nature of the proceeding at which such testimony may be admitted, it is patent from the context of this and other sections and from the rules and regulations that it applies to adjudicatory hearings. The section then goes on to provide "[a] copy of such transcript shall be furnished to any party upon payment of the fee for transcripts of similar minutes in the supreme court". Clearly, once part of an adjudicatory hearing, a party would be entitled to a transcript not only of his testimony but also the testimony of other witnesses. That, however, is not here the case. Here the matter is still in the investigative stage. Perhaps no adjudicatory proceeding will eventuate from the investigation. Be that as it may, until the matter reaches the adjudicatory stage, the issue of whether a transcript of the testimony will be furnished to one under investigation remains a matter of discretion with the chairman. On this record we cannot say that that discretion has been abused. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.