INVESTORS INSURANCE COMPANY OF AMERICA, Plaintiff, v KARBEL WHOLESALE AUTOS, INC., Defendant.

Civil Court of the City of New York, New York County, November 18, 1988

### APPEARANCES OF COUNSEL

*Fresner & Salzman (Richard Freilich* of counsel), for plaintiff. *Stephen R. Mason* for defendant.

### OPINION OF THE COURT

LOUIS B. YORK, J.

Plaintiff's motion for summary judgment is denied.

The plaintiff asserts that defendant purchased insurance from plaintiff and the premium owed by defendant for the period covering March 21, 1985 through March 21, 1986 is $1,092. Defendant's opposition papers clearly raise an issue as to whether or not the plaintiff was charging a proper premium for the insurance coverage. The defendant states that it was charged at the higher rate for coverage of "auto repairs", when in fact its sole business involves the sale of automobiles.

The plaintiff states that defendant's sole remedy when it believes that there has been a mistake in either the insurance rate or the application of a particular insurance rate is to

appeal to the Superintendent of the Department of Insurance. The plaintiff in essence says that defendant's failure to exhaust his administrative remedies must result in granting plaintiff's motion.

The State Administrative Procedure Act is applicable to adjudications made by the State Department of Insurance. (State Administrative Procedure Act § 100.) The State Department of Insurance pursuant to the Insurance Law and the State Administrative Procedure Act promulgated regulations under 11 NYCRR 4.1 which establish the standards of due process applicable to administrative hearings generally.

Insurance Law § 2319 (b) states that, *"Every insurer or rate service organization shall provide within this state reasonable means whereby any person aggrieved by the application of its rating system may be heard,* in person or by an authorized representative, on written request to review the manner in which such rating system has been applied in connection with the insurance afforded or offered. If the insurer or rate service organization fails to grant or reject the request within thirty days, applicant may proceed in the same manner as if the application had been rejected. Any party affected by the action of the insurer or rate service organization on the request may within thirty days after written notice of such action appeal to the superintendent, who, after a hearing held upon not less than ten days written notice to the appellant and to the insurer or rate service organization, may affirm, modify or reverse such action." (Italics supplied.)

The plain meaning of the statute is that the insurer must provide "reasonable means" by which the insured may informally be heard in regards to any grievance. This court finds that under 11 NYCRR 4.1, the minimum due process required necessitates the defendant *being informed* of his right to informally discuss his grievance and formally request a hearing if satisfaction is not reached between the parties. *(Cf.,* Insurance Law § 2319 [b]; 11 NYCRR 4.1; *and* State Administrative Procedure Act § 301 *et seq.)* Other cases have clearly held that there is a constitutional right to due process within an administrative hearing context. *(Matter of Alvarado v State of New York, Dept. of State, Div. of State Athletic Commn.,* 110 AD2d 583 [1st Dept 1985].) Here, plaintiff should not be granted summary judgment when there is no information that plaintiff met his statutory obligation to inform defendant of his due process rights to an adjudicatory proceeding. It would be folly to preclude all these constitutional

protections and emasculate the State Administrative Procedure Act to require less than statutory notice from plaintiff to defendant of his rights.

Plaintiff in his memorandum of law states that under section 2319 (b) and section 2321 (d) the Superintendent is authorized to hold hearings and order an insurer to remove any unfair discrimination in the application of any rates and the remedy is deemed exclusive by the court of this State as well as the State of New Jersey in their Workers' Compensation Law. However, workers' compensation in New York, unlike the New Ycrk State Department of Insurance, is not covered by the State Administrative Procedure Act. *(Matter of Goldberg v Kroeger,* 85 AD2d 519 [1st Dept 1981].)

The cases cited by plaintiff do not address the issue of the plaintiff's obligation to inform the defendant of his rights when he has a grievance, a burden placed upon him by statute, and this requirement being prerequisite to bringing suit, and there being no facts indicating compliance or failure to comply, plaintiff's motion is denied.