OPINION OF THE COURT
Per Curiam.
Order entered November 23, 1988 reversed and plaintiff’s *934 motion for summary judgment against defendant on its second cause of action granted, with $10 costs.
In this action, plaintiff seeks to recover premiums on two general liability policies issued to defendant. Plaintiff moved for summary judgment on its second cause of action for unpaid premiums in the amount of $1,092 involving the first policy (No. GL-249337-1). That policy was in effect from March 21,1985 to March 21,1986.
In opposition, defendant asserts that the policy incorrectly classified defendant’s business as "auto repairs” when, in fact, defendant’s sole business involved the sale of automobiles, which would have resulted in a lower premium.
Civil Court denied plaintiff summary relief on the ground (not raised by defendant) that triable issues of fact existed as to whether plaintiff satisfied its "statutory obligation to inform defendant of his due process rights [to contest classification or rates in] an adjudicatory proceeding.” (Investors Ins. Co. v Karbel Wholesale Autos, 142 Misc 2d 157, 158.) We reverse.
Plaintiff owed no obligation to defendant to notify defendant of the proper means for pursuing its rights. Specifically, the "statutory obligation” found by the court below requiring an insurer to notify an insured of the manner in which to contest classification or rates under general liability policies is not an obligation the Legislature has seen fit to enact.
Furthermore, it is well settled that the defense of improper classification is not within the jurisdiction of the court below and cannot properly be raised in that forum. That issue should have been disposed of by means of an appeal to the administrative rating board and then to the Superintendent of Insurance (Insurance Law art 23; Commissioners of State Ins. Fund v Regenstreif, 27 Misc 2d 1049 [App Term, 1st Dept]; Investors Ins. Co. v Eastway Constr. Corp., NYLJ, Sept. 30, 1986, at 4, col 2 [App Term, 1st Dept]; St. Paul Fire & Mar. Ins. Co. v Capri Constr. Corp., 160 AD2d 381).
Ostrau, P. J., Parness and Miller, JJ., concur.