48

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellant, v NETTI WHOLESALE BEVERAGE CO., INC., Respondent. [665 NYS2d 84] —Order, Supreme Court, New York County (Carol Arber, J.), entered July 23, 1996, which denied plaintiff's motion for summary judgment and referred the issue of insurance classification for hearing and report, unanimously reversed, on the law, without costs, the motion for summary judgment is granted on the revised claim for premium arrears of $27,761.41 plus interest, defendant's counterclaim is dismissed, and the Clerk is directed to enter judgment accordingly.

Defendant was a wholesale distributor of beer and liquor products in the Syracuse area. Plaintiff's Fund issued a workers' compensation insurance policy to defendant in 1982. The company split its operations six years later, with the principal's nephew branching out to form his own company. Defendant sold off much of its assets, including its delivery trucks, and the nature of its business changed dramatically thereafter, with "ma and pa" stores now coming to defendant to pick up wholesale products. Defendant retained only three employees, one of whom worked in the warehouse. Plaintiff ordered an audit of defendant's operations in 1989-1990. In April 1990, the insurance policy was canceled for nonpayment of premiums, and in June 1991 this action was commenced to recover premiums unpaid. Defendant counterclaimed for premiums allegedly overpaid.

The dispute arose, in part, over classification of one of defendant's employees as a beer-ale dealer-wholesaler-driver, instead of merely a clerical office employee, the insurance premium for the former being about nine times the latter. When defendant was unable to respond to notices for discovery and inspection of payroll and employment records, plaintiff moved for summary judgment. Despite recognizing that "defendant has not stated any basis on which summary judgment could be denied", the IAS Court referred the case for hearing and report on "issues dealing with classification".

Defendant's counterclaim is cognizable only in the Court of Claims (*Commissioners of State Ins. Fund v Mathews & Sons Co.*, 131 AD2d 301), even where it is presented as a setoff to plaintiff's claim in Supreme Court (*Commissioners of State Ins. Fund v Cosmopolitan Mut. Ins. Co.*, 26 Misc 2d 857, 858). The main issue is whether defendant is foreclosed, at this point, from raising the question of proper classification.

Plaintiff's rules require that any challenge to insurance classification must be lodged within 12 months after expiration of the rating term. Defendant acknowledges the existence and

import of such a rule, but complains that the rule was not appropriately noticed or made readily available to itself, the insured.

While the rule was not as readily available as it might have been, defendant was nonetheless put on general notice of its existence. Nothing further was required (*Investors Ins. Co. v Karbel Wholesale Autos*, 148 Misc 2d 933). The fact that defendant had one year from the expiration (April 1990) of the term in which to challenge the classification certainly gave it sufficient opportunity.

Summary disposition of this case is appropriate, without need for a reference. Concur—Murphy, P. J., Wallach, Nardelli, Tom and Colabella, JJ.