■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v TRIO ASBESTOS REMOVAL CORP., Appellant. [780 NYS2d 362]—

In an action to recover unpaid premiums for a worker's compensation insurance policy, the defendant appeals from an

order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 12, 2003, which denied its motion for summary judgment dismissing the complaint and for judgment on its counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the claims to recover estimated premiums due for the policy period of November 13, 1993, through November 12, 1996, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and, upon searching the record, summary judgment is granted to the plaintiff dismissing the counterclaim.

On July 30, 2002, the plaintiff commenced this action to recover unpaid premiums for a worker's compensation insurance policy it issued to the defendant for the policy periods between November 13, 1993, to December 8, 1996. The insurance policy was self-renewing on an annual basis. Regarding the payment of premiums, the policy provided as follows:

"You will pay all premium when due . . . The final premium will be determined at the end of each policy period by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund or credit the balance to you."

The defendant, relying on the version of Workers' Compensation Law § 92 that was in effect during the policy periods, contends that the claims for unpaid premiums for the policy periods of November 13, 1993, to November 12, 1994, November 13, 1994, to November 12, 1995, and November 13, 1995, to November 12, 1996, are barred by the six-year statute of limitations contained in CPLR 213 (2). As to the plaintiff's claim for premiums due for the final policy period at issue, November 13, 1996, until the policy was cancelled on December 8, 1996, the defendant argues that the bill issued by the plaintiff for this period of time shows that a credit was due to the plaintiff in the sum of $5,349.97.

The version of Workers' Compensation Law § 92 that was in effect during the existence of the insurance policy provided that insurance premiums were payable in three installments: 50% due at the beginning of the period, 25% due three months later, and the remaining 25% due three months after that. The statute further provided that the premium amount was subject to an adjustment based on the insured's actual expenditure of

wages, and that if the adjusted premium was more than the premium paid, the insured "shall pay the difference immediately upon notification of the amount of the true premium and the difference due" (Workers' Compensation Law § 92).

We agree with the defendant that the fact that the amount of the premiums due was estimated, and subject to an audit and adjustment, did not serve to extend the statute of limitations to recover unpaid estimated premiums. "[P]ursuant to Workers' Compensation Law § 92, premiums for any policy period shall be paid into the State Insurance Fund in three installments, which are payable when due regardless of any subsequent adjustment based upon the insured's loss record" (*Commissioners of State Ins. Fund v J.D.G.S. Corp.*, 253 AD2d 368, 368-369 [1998]). Each final audit statement of the actual premium due, however, is subject to a new limitations period for any balance due above the amount of the estimated premium. "Where recovery is sought on an obligation payable by installments, the Statute of Limitations runs against each installment from the time it becomes due" (75 NY Jur 2d Limitations and Laches § 87). Here, the final installment of estimated premiums for each policy period was due six months after the beginning of the period, that is, on May 13 in 1994, 1995, 1996, and 1997. Therefore the plaintiff's claims for unpaid estimated premiums for the policy periods of November 13, 1993, to November 12, 1994, November 13, 1994, to November 12, 1995, and November 13, 1995, to November 12, 1996, should have been dismissed as barred by the six-year statute of limitations.

To the extent that a final premium audit statement was alleged to have been issued to the defendant for the policy periods after July 30, 1996, so much of the final audit premium which is for a balance due above the amount of the estimated premium is not barred by the statute of limitations.

The defendant failed to establish entitlement to summary judgment dismissing the claim for premiums due for the period of November 13, 1996, until December 8, 1996, which it concedes was not time-barred.

Finally, upon searching the record we grant the plaintiff summary judgment dismissing the defendant's counterclaim. A counterclaim against the State Insurance Fund is only cognizable in the Court of Claims (*see Commissioners of State Ins. Fund v Netti Wholesale Beverage Co.*, 245 AD2d 48 [1997]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.