■ Commissioners of the State Insurance Fund, Appellant, v Glenna Weissman, Respondent, and Associates Realty Builders Construction Corp., Judgment Debtor. [934 NYS2d 27]—

Supreme Court held that while the complaint stated causes of action for violations of Debtor and Creditor Law §§ 273, 274 and 276-a, the complaint should be dismissed, pursuant to CPLR 3211 (a) (1) as barred by the documentary evidence. Supreme Court stated that because plaintiff Commissioners did not show that defendant was a defendant in an action to recover money damages in which SIF was a plaintiff, or that a judgment was docketed against her, within the meaning of Debtor Creditor Law § 273-a, the entire complaint should be dismissed.

It is not clear, from the motion court's decision, how the failure of the Commissioners to satisfy one element of one cause of action serves to bar the entire complaint, with its admittedly properly pleaded causes of action under Debtor and Creditor Law §§ 273, 274 and 276-a. In any event, the Commissioners state on this appeal that they pleaded no cause of action under § 273-a, and asks that this court reinstate the complaint and to "search the record" to grant it summary judgment on its first cause of action pursuant to. § 273 and to dismiss defendant's counterclaim.

To be sure, this court does have broad authority, on a motion for summary judgment, to "search the record" and grant the motion (see e.g. Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]). However, here, Supreme Court, upon granting defendant's CPLR 3211 motion, did not reach the merits of either party's summary judgment motion. Under these circumstances, a sua sponte search of the record would be an improvident exercise of our discretion. The motion court should consider the summary judgment motions in the first instance

(*see Conant v Alto 53, LLC*, 21 Misc 3d 1147[A], 2008 NY Slip Op 52525[U] [2008]), including the Commissioners' assertion that defendant's counterclaim must be brought in the Court of Claims (*Commissioners of State Ins. Fund v Netti Wholesale Beverage Co.*, 245 AD2d 48 [1997]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31589(U).]**