■ CHRISTOPHER HIGGINS, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. [939 NYS2d 431]—Order, Supreme Court, New York County (Judith A. Gische, J.), entered September 14, 2010, which granted plaintiff's motion to renew an order, same court and Justice, entered August 27, 2009, inter alia, which granted defendants Consolidated Edison Company of New York, Inc.'s and Case Contracting Ltd.'s motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action, and upon renewal, adhered to its prior decision, unanimously modified, on the law, the motions for summary judgment denied, and otherwise affirmed, without costs.

The motion court properly granted the motion to renew in light of the Court of Appeals' decision in *Runner v New York Stock Exch., Inc.* (13 NY3d 599 [2009]; *see* CPLR 2221 [e] [2]). However, upon renewal, plaintiff's Labor Law § 240 (1) should have been reinstated.

An issue of fact exists as to whether plaintiff's injuries were the direct consequence of the failure to provide adequate protection against the risk arising from "tugging" the cable to the sixth floor above (*see Runner*, 13 NY3d at 603). Because the record presents markedly different versions as to how the accident occurred, summary resolution of the Labor Law § 240 (1) claim is inappropriate.

The reinstatement of plaintiff's Labor Law § 240 (1) cause of action renders Consolidated Edison's motion for indemnification against Case Contracting no longer academic. However, the motion should be considered by the motion court in the first instance (*see e.g. Commissioner of the State Ins. Fund v Weissman*, 90 AD3d 417 [2011]). Concur—Mazzarelli, J.P., Friedman, Acosta, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32493(U).]**