Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered April 10, 2012, which, to the extent appealed from, denied plaintiffs motion for partial summary judgment on the issue of defendants Gilbane/TDX Joint Venture, Gilbane Inc., and TDX Construction Corp.’s (the Gilbane/TDX defendants) liability under Labor Law § 240 (1), granted, in part, the Gilbane/ TDX defendants’ cross motion for summary judgment dismissing plaintiff’s complaint on the ground that the Gilbane/TDX defendants, as the construction manager, did not supervise, direct or control the plaintiff’s work, unanimously affirmed, without costs.
The IAS court correctly determined that the Gilbane/TDX defendants, as the construction manager, were not liable under the Labor Law for plaintiff’s injuries, as the Gilbane/TDX defendants did not direct, control or supervise plaintiffs work. There is nothing in the record to indicate that the Gilbane/TDX defendants were other than the typical construction manager and therefore not the agent of the Dormitory Authority of New York, the owner of the building being built at the time of injury (see e.g. Walls v Turner Constr. Co., 4 NY3d 861 [2005]).
The Gilbane/TDX defendants cross appeal from the order, contending that the IAS court erred in failing to address the portion of their cross motion seeking indemnification against *485 third-party defendant DiFama Concrete and second third-party defendant DFC Structures, LLC. The IAS court did not err. The Gilbane/TDX defendants sought summary judgment on the issue of indemnification conditionally, predicating it on a finding by the motion court that they were liable for plaintiffs injuries. As the IAS court granted the first part of the Gilbane/TDX defendants’ motion, there was no need for it to address the alternative of indemnification.
To the extent the Gilbane/TDX defendants now seek, from this court, indemnification from the third party defendants not conditioned on a finding of liability, we decline to consider the question, which should be raised in the IAS court in the first instance (see Higgins v Consolidated Edison Co. of N.Y., Inc., 93 AD3d 443 [1st Dept 2012]).
We have considered the parties’ remaining arguments and find them unavailing. Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.