Guice v PPC Residential, LLC (2023 NY Slip Op 00394)

Guice v PPC Residential, LLC

2023 NY Slip Op 00394

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Index No. 29365/19 Appeal No. 17200 Case No. 2022-02700 

[*1]Marjorie Guice, Plaintiff-Appellant,
v
PPC Residential, LLC, et al., Defendants, Rock Group NY Corp., et al., Defendants-Respondents.

Law Office of Arnold DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacob B. Sher of counsel), for Rock Group NY Corp., respondent.
Marshall Dennehey Warner Coleman & Goggin, New York (Michael P. Kelly of counsel), for RB NY Enterprises, Inc., respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered January 12, 2022, which granted defendants RB NY Enterprises Inc.'s and Rock Group NY Corp.'s motions to enforce a settlement agreement with plaintiff, pursuant to CPLR 2104, unanimously affirmed, without costs.
A binding settlement agreement existed between plaintiff and defendants when plaintiff's counsel responded, "Confirmed. Thank you" to RB NY Enterprises Inc.'s insurance carrier's email stating "This email is to confirm we are settled at $85,000" (see Matter of Philadelphia Ins. Indem. Co. v Kendall, 197 AD3d 75, 80 [1st Dept 2021]). Plaintiff's counsel had authority to accept the settlement; the confirmation came from counsel's email account; the parties reached an agreement as to the settlement amount; no conditions were attached to the confirmation; the parties prepared the release documents; and plaintiff's counsel forwarded the releases to plaintiff for signature. Contrary to plaintiff's arguments, the emails that followed the confirmation, discussing medical lien amounts, did not create a condition precedent to vitiate the agreement (see Rawald v Dormitory Auth. of the State of N.Y., 199 AD3d 477, 478 [1st Dept 2021]), and plaintiff's failure to sign the release documents amounted to no more than a ministerial condition precedent to payment under these facts (Philadelphia Ins., 197 AD3d at 81-82).
There is no reason to set aside this agreement based on "fraud, collusion, mistake or accident" (Matter of Alsaede v Kelly, 96 ADd3d 495, 496 [1st Dept 2012]). Plaintiff knew of her right shoulder injury and was advised of the need for surgery prior to settlement discussions. Plaintiff's mistake lies in the "consequence, future course, or sequelae of a known injury" (Mangini v McClurg, 24 NY2d 556, 564 [1969]). The fact that plaintiff became dissatisfied with the settlement amount after receiving additional treatment for a known injury does not constitute sufficient grounds to invalidate the settlement (see Calavano v New York City Health & Hosps. Corp., 246 AD2d 317, 319-320 [1st Dept 1998]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023