Matter of Frid v McDonald (2023 NY Slip Op 06476)

Matter of Frid v McDonald

2023 NY Slip Op 06476

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 153729/23 Appeal No. 1251 Case No. 2023-03099 

[*1]In the Matter of Elena Frid, Petitioner-Appellant,
v
James . McDonald et al., Respondents-Respondents.

Jacques G. Simon, P.C., Garden City (Jacques G. Simon of counsel), for appellant.
Letitia James, Attorney General, New York (Dennis Fan of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about June 20, 2023, denying the petition to quash a subpoena issued by respondent New York State Board of Professional Medical Conduct for medical records of a patient and for a permanent injunction enjoining respondents from conducting an investigation into a complaint received from the patient's father, granting respondents' cross-motion to dismiss the petition and to compel petitioner to comply with the subpoena pursuant to CPLR 2308(b)(1), dismissing the proceeding brought pursuant to CPLR article 78, and directing petitioner to produce the records responsive to the subpoena within 10 days from the date of service of the order, unanimously affirmed, without costs.
Initially, in the interest of justice, this Court treats this article 78 proceeding as a motion to quash pursuant to CPLR 2304 (see Matter of Goldberg v Kroeger, 85 AD2d 519, 520 [1st Dept 1981], affd 56 NY2d 610 [1982]).
In light of the confidentiality requirements of Public Health Law § 230, the court properly conducted an in camera review of the complaint submitted to respondent Office of Professional Medical Conduct alleging professional misconduct by petitioner (see Matter of Horowitz v Zucker, 172 AD3d 538, 539 [1st Dept 2019], lv denied 33 NY3d 913 [2019]; Matter of Levin v Guest, 112 AD2d 830, 832 [1st Dept 1985], affd 67 NY2d 629 [1986], cert denied 476 US 1171 [1986]). The in camera review was further warranted because respondents "demonstrate[d] the delicacy of [the] investigation [and] the risk of and consequences attendant on premature disclosure" (Matter of Michaelis v Graziano, 5 NY3d 317, 323 [2005] [internal quotation marks omitted]).
Upon the court's in camera review, the court properly found that respondents established a "minimal showing" that the complaint "reasonably justifie[d] the issuance of the subpoena in furtherance of an investigation" (Matter of Levin v Murawski, 59 NY2d 35, 42 [1983]).
Petitioner's due process and Fourth Amendment challenges to the in camera review or the issuance of the subpoena are unavailing (see Matter of Horowitz, 172 AD3d at 539).
The court also properly found that the investigation is exempt from the Open Meetings Law, which does not apply to "any matter made confidential by . . . state law" (Public Officers Law § 108[3]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023