DS v New York City Hous. Auth. (2024 NY Slip Op 00452)

DS v New York City Hous. Auth.

2024 NY Slip Op 00452

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 152068/18 Appeal No. 1573 Case No. 2022-04767 

[*1]DS, an Infant by His Mother and Natural Guardian, Marie H. and Marie H., Individually, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant. [And A Third-Party Action]

Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellant.
Martin L. Ginsberg, PC, Woodbury (Christopher G. Conway of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 26, 2022, which denied New York City Housing Authority's (NYCHA) motion for leave to file a late motion for summary judgment, and, upon leave, to award summary judgment dismissing the complaint as against it, or, in the alternative, for an order directing plaintiffs to abide by a settlement agreement, unanimously modified, on the law, to the extent of granting NYCHA's motion for leave to file a late motion for summary judgment and remanding the matter for consideration of the motion on the merits, and otherwise affirmed, without costs.
In this action involving an infant allegedly exposed to lead-based paint found in his apartment, the settlement amount plaintiff "[a]greed" to in an email failed to constitute an enforceable agreement. While the email set forth the only material term, namely the sum of money to be agreed upon (see Guice v PPC Residential, LLC, 212 AD3d 577, 577 [1st Dept 2023]), the agreement required approval of the court pursuant to CPLR 1207 and 1208.
However, NYCHA established good cause for leave to file a late summary judgment motion. The parties had agreed upon an amount and NYCHA forwarded the release documents to plaintiff before NYCHA's time to file the motion expired on March 18, 2022. It was not until May 23, 2022, that plaintiff reneged on the settlement, more than two months after NYCHA's time to file expired. Had this agreement not involved an infant requiring court approval of the settlement, it would have been enforceable (see Guice, 212 AD3d at 577-578; Rawald v Dormitory Auth. Of State of N.Y., 199 AD3d 477, 478 [1st Dept 2021]). NYCHA's good faith belief that the action settled and plaintiff's repudiation after expiration constituted a satisfactory explanation for the untimeliness of its motion (see Brill v City of New York, 2 NY3d 648, 652 [2004]).
Because the motion court did not consider the motion, we decline to reach the merits, as NYCHA urges (see Commissioner of the State Ins. Fund v Weissman, 90 AD3d 417 [1st Dept 2011]; see also Riordan v Garces, 216 AD3d 416, 416-417 [1st Dept 2023]). Accordingly, the matter is remanded for consideration of NYCHA's motionTHIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024