## 30 Broad St. Venture LLC v Ovadia Design Group LLC

2024 NY Slip Op 33561(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 650058/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM                    PART                04

_Justice_

-----------------------------------------------------------------------X

30 BROAD STREET VENTURE LLC,

Plaintiff,

- v -

OVADIA DESIGN GROUP LLC, JACK OVADIA,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650058/2022 |
| MOTION DATE | 05/17/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 36

were read on this motion for                     SUMMARY JUDGMENT                     .

## FACTUAL BACKGROUND

Plaintiff 30 Broad Street Venture LLC is the owner of the building located at 30 Broad Street, New York, New York. On May 24, 2018, plaintiff leased a portion of the twentieth floor of 30 Broad Street (the "Premises") to defendant Ovadia Design Group LLC ("ODG") pursuant to an Agreement of Lease dated May 24, 2018, with a term of ten and a half years (the "Lease") (NYSCEF Doc. No. 14 [Lease at §1(a)(xvi)]). Under the Lease, ODG was obligated to pay annual rent pursuant to a schedule set forth therein (Id. at Ex. D) and a security deposit in the form of a letter of credit issued to plaintiff by a federally insured lending institution in the amount of $71,239.98 (Id. at §§1(A)(xiii), 33).

Contemporaneously with ODG's execution of the Lease, defendant Jack Ovadia executed a Limited Guaranty (the "Guaranty") obligating him to pay certain "Guaranteed Obligations,"

including rent and regularly recurring additional rent accruing under the Lease, if same was not paid by ODG, with certain exceptions should ODG vacate the Premises upon ninety days written notice (Id. at §42[q]; Ex. E]).

On April 20, 2020, the parties entered into a First Amendment of Lease (the "First Amendment"), in which, as pertinent here, ODG acknowledged that it owed plaintiff $12,297.84 in rent arrears through April 30, 2020 and $12,199.85 in rent for May 2020 and permitted plaintiff to draw against the Letter of Credit to satisfy the outstanding amount of $24,497.69, which security ODG would replenish in four monthly installments commencing on November 1, 2024. The First Amendment also provided that the Guaranty would be amended to add the replenishment of the $24,497.69 as an obligation of the Guarantor, Ovadia (NYSCEF Doc. No. 15 [First Amend. at ¶¶3-4]).

On October 19, 2020, the parties entered into a Second Amendment of Lease (the "Second Amendment") which provided, in pertinent part that ODG consented to Landlord drawing down the remainder of the letter of credit in six installments of $7,790.38 from November 1, 2020 through April 1, 2021 as a portion of Rent, which amounts would again be replenished by ODG in monthly installments beginning on January 1, 2022 (NYSCEF Doc. No. 16 [Second Amend. at ¶¶3(a), 4]). The Guaranty was again amended to add replenishment of ODG's security as an obligation of Ovadia as guarantor (Id. at ¶6).

ODG vacated the Premises on or about October 29, 2021 (Id. at ¶12). Plaintiff maintains, however, that "ODG has not surrendered the Premises under the Lease, Landlord has not accepted surrender of the Premises, and the Term has not expired or otherwise terminated" (Id. at 13).

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**
**Motion No.  001**

**Page 2 of 12**

Plaintiff commenced this action on January 4, 2022, by summons and complaint alleging that ODG has breached the Lease in failing to pay rent and additional rent and Ovadia has breach the Guaranty in failing to satisfy ODG's obligations upon its default (NYSCEF Doc. No. 2 [Compl. at ¶¶12-16, 27-30]). Defendants interposed an Answer on May 17, 2022, asserting various affirmative defenses (NYSCEF Doc. No. 13).

On January 11, 2022, Jack Ovadia's counsel, Eddie Shrem, Esq., contacted plaintiff's counsel, Brian Cohen, Esq., via email to discuss resolving this action. Plaintiff's counsel asserted that plaintiff would settle this matter as against Ovadia for $71,239.98, "the full amount" owed (NYSCEF Doc. No. 20). Ovadia's counsel rejected that offer and countered with an offer of $31,000.00 (Id.). This offer was rejected by plaintiff's counsel (Id.).

On January 20, 2022, Ovadia's counsel then wrote the following:

"Hi Brian, I relayed to Jack your clients position. They will be filing an answer shortly. Good news is that Jack is able to pay the $71,200 asked of him spread out over 3 equal monthly payments if that helps. Again, this would be for a full release for Jack in all respects as offered. Can you check with your clients if there is still interest here? Best Regards, Eddie Shrem, Esq."

Plaintiff's counsel responded:

"Eddie, Our client will settle the case against Jack only for $71,250.00 under the following circumstances: (1) he makes the first payment of the $23,750 on signing; and (2) the final two payments of $23,750 each are secured by a confession of judgment. Jack will get a full general release and the case will be partially discontinued against him individually. The case will then proceed against Ovadia Design Group LLC. Please let me know if we have a deal. Thanks, Brian"

Ovadia's counsel replied:

"Brian, COJS for the final 2 amounts are fine. We can pay the first installment at the time of signing. Best Regards, Eddie Shrem, Esq."

(Id. [emphasis added]). Plaintiff's counsel responded: "Thanks Eddie. I'll send a draft settlement agreement and COJ." Ovadia's counsel replied, "Ty." (Id.).

**650058/2022  30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**
**Motion No.  001**

**Page 3 of 12**

3 of 12

[* 3]

However, after plaintiff's counsel emailed drafts of the Settlement Agreement, Release, and affidavit of Confession of Judgement, Ovadia's counsel responded "Brian, I think the clients are talking about a different amount and breakdown. Subject to those amounts and terms, the rest of the Agreement is fine" (Id.). No settlement agreement was ever signed.

Plaintiff contends that it reached a binding agreement with Ovadia through the above email exchange and moves, pursuant to CPLR 2104, to enforce this settlement as against him (or, alternatively, for summary judgment against him for breach of the Guaranty, as amended).

Plaintiff also moves, pursuant to CPLR 3212, for summary judgment on its breach of contract claim against ODG, seeking unpaid rent, additional rent, security and attorneys' fees (pursuant to section 19 of the Lease). In support of this branch of its motion, plaintiff submits the Lease and amendments thereto, the affidavit of William Brodsky, plaintiff's manager, attesting to ODG's failure to pay rent and additional rent due under the Lease and failure to replenish the exhausted security deposit (NYSCEF Doc. No. 9) and an authenticated rent ledger (NYSCEF Doc. No. 18). Defendants oppose these motions, arguing that these emails did not establish a binding agreement, which was contingent upon further negotiation and execution of formal settlement documents and that summary judgment is inappropriate because issues of fact exist as to, inter alia, whether plaintiff has mitigated its damages by re-letting the Premises and whether a surrender by operation of law occurred when ODG vacated the Premises.

## DISCUSSION

### *Plaintiff's Motion to Enforce Settlement*

That branch of plaintiff's motion to enforce its settlement agreement with Ovadia is granted. CPLR 2104 provides, in relevant part, that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court,

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL        Page 4 of 12**
**Motion No.  001**

4 of 12

[* 4]

is not binding upon a party unless it is in a writing subscribed by him [or her] or his [or her] attorney or reduced to the form of an order and entered." Where "an email message contains all material terms of a settlement and a manifestation of mutual accord, and the party to be charged, or his or her agent, types his or her name under circumstances manifesting an intent that the name be treated as a signature, such an email message may be deemed a subscribed writing within the meaning of CPLR 2104 so as to constitute an enforceable agreement" (Forcelli v Gelco Corp., 109 AD3d 244, 251 [2d Dept 2013]).

The email correspondence at issue here establishes that plaintiff's and Ovadia's attorneys reached an agreement on all the material terms of a settlement, "since the sole issue was how much plaintiff would accept in settlement of their claim" (Rawald v Dormitory Auth., 199 AD3d 477, 477-78 [1st Dept 2021]), and there was nothing left for future determination by the parties (Cf. Mark Bruce Intern. Inc. v Blank Rome, LLP, 60 AD3d 550, 551 [1st Dept 2009]). Specifically, Ovadia's lawyer's response that "COJS for the final 2 amounts are fine. We can pay the first installment at the time of signing" served as an assent to every requirement for settlement that plaintiff's counsel had set out in the prior email and was not, contrary to defendants' characterization, a reply simply identifying "which terms were acceptable." The e-mails that followed are further confirmation that both sides understood that an agreement had been reached (See Kowalchuk v Stroup, 61 AD3d 118, 121-22 [1st Dept 2009]).

Defendants' assertion that the settlement was conditioned upon the approval and execution of a further, more formal, written agreement is unavailing. The draft settlement agreement referenced by plaintiff's counsel was "to be further documentation of the binding agreement constituted by the parties' counsel's emails agreeing to settle" the claim for $71,250.00 "rather than something on which that binding agreement was contingent" (Phila. Ins. Indem. Co. v

650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL          Page 5 of 12
Motion No.  001

5 of 12

Kendall, 197 AD3d 75, 81 [1st Dept 2021] [internal citations omitted]; see also Go New York Tours, Inc. v Tour Cent. Park Inc., 216 AD3d 455 [1st Dept 2023]). As such, Ovadia's "failure to sign the release documents amounted to no more than a ministerial condition precedent to payment under these facts" (Guice v PPC Residential, LLC, 212 AD3d 577, 577 [1st Dept 2023] [internal citations omitted]; see also Williamson v Delsener, 59 AD3d 291, 291-92 [1st Dept 2009]). Accordingly, the Court grants plaintiff's motion to enforce this settlement agreement and turns to plaintiff's motion for summary judgment against ODG.

*Plaintiff's Motion for Summary Judgment*

Plaintiff's motion for summary judgment against ODG is also granted. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]). In reviewing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party, including drawing all reasonable inferences in favor of the nonmoving party" (Vega v Metro. Transportation Auth., 212 AD3d 587, 588 [1st Dept 2023]).

To prevail on summary judgment in a breach of contract action, a plaintiff must show "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Gramercy Park Partners, LLC v GPH Ground Tenant LLC, 79 Misc 3d 1226(A) [Sup Ct, NY County 2023] [internal citations and quotations omitted]).

650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL          Page 6 of 12
Motion No.  001

6 of 12

[* 6]

Plaintiff has done so here, through its submission of the Lease, the affidavit by William Brodsky, and the authenticated rent ledger demonstrating the amounts due under the Lease as of the motion date (See e.g., Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks (USA) Inc., 143 AD3d 498, 498-99 [1st Dept 2016]).

Defendants' arguments in opposition are unavailing. Defendants' argument that plaintiff is impermissibly attempting to accelerate payment of all rent and outstanding rent due through the end of the original Lease term is simply incorrect; plaintiff seeks only amounts due through the date of the motion, May 17 2022 (See NYSCEF Doc. No. 9 [Brodsky Aff. at ¶20]).

Neither are there issues of fact precluding summary judgment. Contrary to defendants' position, nothing in the record suggests that a surrender by operation of law was effected by ODG Such a surrender "occurs when the parties to a lease both do some act so inconsistent with the landlord-tenant relationship that it indicates their intent to deem the lease terminated" (9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571-72 [1st Dept 2023] citing Riverside Research Inst. v. KMGA, Inc., 68 NY2d 689, 691–692 [1986]). Here, however, plaintiff has consistently rejected tenant's purported surrender of the Premises (See NYSCEF Doc. No. 9 [Brodsky Aff. at ¶16]) and defendants have not presented any evidence that plaintiff "acted in a manner inconsistent with the tenant's lease or acted in any way that indicated its intention to deem the lease terminated" or otherwise been able to "identify what discovery they need from the landlord on the issue, and how that discovery could disclose facts supporting a claim that the landlord acted in a manner consistent with a surrender by operation of law" (9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571-72 [1st Dept 2023] [internal citations omitted]). Plaintiff's consistent rejection of any purported surrender also entirely undermines defendants' alleged need for discovery as to whether the Premises were re-let and, if so, the

650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL          Page 7 of 12
Motion No.  001

7 of 12

amounts plaintiff has received from any such re-letting. Plaintiff has no duty to mitigate by re-letting the Premises (See e.g., Holy Properties Ltd., L.P. v Kenneth Cole Productions, Inc., 208 AD2d 394, 394-95 [1st Dept 1994], affd, 87 NY2d 130 [1995]) and, in any event, has established that it not done so. As there is nothing in the record to create a question of fact on this point (Cf. WFP Tower B CO L.P. v Pac. Am. Corp., 2022 NY Slip Op 34273[U], 15-16 [Sup Ct, NY County 2022]), no discovery is necessary.

Finally, plaintiff's motion to dismiss ODC's affirmative defenses is also granted. "[A]ll of defendants' affirmative defenses are conclusory (70 W. Vill. Assocs. v G&E Realty, Inc., 56 AD3d 372, 372-373 [1st Dept 2008] [commercial tenant's affirmative defenses pleaded conclusions of law without supporting facts properly stricken as insufficient]), barred by the terms of the Lease (See Holy Props., L.P. v Kenneth Cole Prods., 208 AD2d 394 [1st Dept 1994] affd 87 NY2d 130 [1995] [Landlord has no obligation to mitigate damages in commercial lease]) or present equitable defenses unavailable in this action for money damages (See e.g., Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc., 24 AD3d 189, 190 [1st Dept 2005]).

Accordingly, plaintiff's motion for summary judgment against ODG is granted and this matter is referred to a Special Referee to hear and determine plaintiff's damages under the Lease, including unpaid rent, additional rent, and security replenishment, as well as reasonable attorneys' fees.

In light of the foregoing, it is

**ORDERED** that plaintiff's motion for summary judgment on its first cause of action, for breach of contract against defendant Ovadia Design Group, LLC, is granted; and it is further

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**
**Motion No.  001**

**Page 8 of 12**

8 of 12

[* 8]

**ORDERED** that the branch of plaintiff's motion to dismiss defendants' affirmative defenses is granted; and is further

**ORDERED** that the branch of plaintiff's motion to enforce the settlement agreement reached between plaintiff and Jack Ovadia on January 20, 2022, is granted; and it is further

**ORDERED** that the plaintiff shall, within thirty days of the date of this decision and order, tender to Jack Ovadia a duly executed release and stipulation of discontinuance discontinuing the action as against him; and it is further

**ORDERED** that, in accordance with CPLR 5003-a, Jack Ovadia shall pay plaintiff $71,250.00 within twenty-one days of such tender; and it is further

**ORDERED** that if Jack Ovadia fails to make payment as ordered herein, plaintiff may enter judgment against Jack Ovadia in the amount of $71,250.00 plus statutory interest from January 20, 2022, with costs and disbursements, and the Clerk is directed to enter judgment therefor upon presentation of proper papers by plaintiff; and it is further

**ORDERED** that a JHO or Special Referee shall be designated to hear and determine the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose:

(1) the total damages owed to plaintiff by defendant Ovadia Design Group LLC under the Lease (i.e., rent, additional rent, and security deposit replenishment) through the date of this decision and order; and

(2) the amount of attorneys' fees to be awarded in connection with the instant action to plaintiff as against defendant Ovadia Design Group LLC; and it is further

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**          **Page 9 of 12**
**Motion No.  001**

9 of 12

**ORDERED** that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and determine as specified above; and it is further

**ORDERED** that counsel shall immediately consult one another and counsel for plaintiff shall, within fifteen days from the date of this order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that the plaintiff shall serve a proposed accounting within twenty-four days from the date of this order and the defendant shall serve objections to the proposed accounting within twenty days from service of plaintiff's papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

**ORDERED** that the parties shall appear for the referenced hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part,

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**            **Page 10 of 12**
**Motion No.  001**

subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

**ORDERED** that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly, and it is further

**ORDERED** that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further;

**ORDERED** that, pursuant to CPLR 4319, the Clerk is directed to enter judgment in favor of plaintiff 30 Broad Street Venture LLC and against defendant Ovadia Design Group LLC in accordance with the determination of the Special Referee without any further application; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry on defendants; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

**650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL**                **Page 11 of 12**
**Motion No.  001**

11 of 12

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

**10/7/2024**
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | **X** | REFERENCE |

650058/2022   30 BROAD STREET VENTURE LLC vs. OVADIA DESIGN GROUP LLC ET AL       Page 12 of 12
Motion No.  001

12 of 12